The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, a Nevada limited liability company,<br><br>　　　　Plaintiff/<br>　　　　Counterclaim Defendant<br><br>v.<br><br>KAWISH, LLC, a Washington limited liability company; and TIMOTHY L. BLIXSETH and JANE DOE BLIXSETH, husband and wife,<br><br>　　　　Defendants/<br>　　　　Counterclaim Plaintiff's/<br>　　　　Third-Party Plaintiffs,<br><br>v.<br><br>WAYNE L. PRIM, an individual residing in Nevada; THE BLACKSTONE CORPORATION, a Washington corporation; PRIM 1988 REVOCABLE TRUST, a private trust; and OVERLOOK PARTNERS, LLC, a Washington limited liability company,<br><br>　　　　Third-Party Defendants. | Case No. 2:12-cv-01503-RAJ<br><br>**395 LAMPE'S MOTION TO DISMISS OR STAY**<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 26, 2012**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff / Counterclaim Defendant 395 Lampe, LLC, a Nevada limited liability company ("395 Lampe"), by and through its counsel of record, respectfully submits this Motion to Dismiss or Stay the Counterclaims and Third-Party Claims filed by Timothy L. Blixseth, an individual, ("Blixseth"). This Motion is made and based upon FRCP 12(b)(3), the following Memorandum of Points and Authorities, and any oral argument the court may entertain. This Motion is supported by the Declaration of Austin K. Sweet filed contemporaneously herewith.

At the outset, 395 Lampe notes that Third-Party Defendants, Wayne L. Prim, an individual residing in Nevada ("Prim") and the Prim 1988 Revocable Trust, a private trust ("Prim Trust"), have not been served in this matter as of the date of this Motion. While this Motion may refer to Prim or to the Prim Trust by way of background, nothing in the Motion should be construed as an appearance or waiver by Prim or the Prim Trust of the required service of process.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Blixseth, or certain companies Blixseth owns or controls, borrowed approximately $30,000,000.00 from 395 Lampe, Edgewood Commercial Village, LLC, and the Prim Trust through various transactions beginning in 2008. While the collateral for these loans is located in various states, the parties have consistently agreed through their contracts that any dispute involving collection of these debts would be litigated in Nevada. To that end, 395 Lampe initiated two lawsuits in Nevada to resolve these issues. The Nevada lawsuits were initiated over one month before Blixseth or Defendant Kawish, LLC ("Kawish")

MOTION TO DISMISS OR STAY     -2-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

filed their claims in this case. Nonetheless, Blixseth and Kawish filed counterclaims and third-party claims in this case which properly belong in Nevada.

This action originated solely as the judicial foreclosure of Blixseth's personal residence, held in Kawish's name, located in Medina, Washington ("Medina Property"). Blixseth and Kawish filed an Amended Answer, Affirmative Defenses and Counterclaim and Third-Party Complaint ("Amended Counterclaim") alleging improper conduct relating to the ownership, pledge, foreclosure, and disposition of 100 Membership Units ("Membership Units") in Western Pacific Timber, LLC, an Oregon limited liability company ("WPT"). At the time that the Amended Counterclaim was filed, WPT and the Membership Units were the subject of a pending lawsuit in Nevada. The Amended Counterclaim also seeks injunctive relief against 395 Lampe, Blackstone, and the Prim Trust, as well as claims for contribution and dissolution against Overlook Partners.

Kawish has since filed for Chapter 11 bankruptcy protection. In accordance with 11 U.S.C. 362, the judicial foreclosure *against* Kawish is stayed. *See* 11 USC 362(a)(1). Thus, the only claims for relief pending in this lawsuit are those brought *by* Kawish and Blixseth in the Amended Counterclaim - primarily, Blixseth's claims relating to the Membership Units and Blixseth's claim for dissolution of Third-Party Defendant Overlook Partners, LLC ("Overlook Partners").[1] Blixseth's attempt to tie these issues into the judicial foreclosure of the Medina Property, while tenuous at the outset, completely

---

[1] The automatic stay is inapplicable to suits, like the Amended Counterclaims, brought by the debtor. Defendants, like third-party defendant 395 Lampe, are free to defend themselves in actions brought by the debtor. *In re White*., 186 BR 700, 704 (9th Cir. BAP 1995); *in re Way*, 229 BR 11 BR 11,13 (9th Cir. BAP 1998); *in re Merrick*, 175 BR 333, 337 (9th Cir. BAP 1994) (stating that equitable principles of fairness require a defendant to be allowed to defend himself from attack).

MOTION TO DISMISS OR STAY   -3-
Case No. 2:12-cv-01503-RAJ

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

dissolved when Kawish filed for bankruptcy. These claims for relief should be dismissed or stayed pending the resolution of ongoing litigation in Nevada and Montana.

The only issue which was properly brought in Washington, the judicial foreclosure of the Medina Property, has been stayed. There is simply nothing to be decided by this Court at this time. All WPT disputes should be litigated in Nevada and all Overlook Partners disputes should be litigated in Montana. Issues relating to the judicial foreclosure of the Medina Residence are the sole issues to be resolved by this Court. This action would only go forward if 395 Lampe is successful in obtaining permission from the bankruptcy court to proceed with the judicial foreclosure of the Medina Property.

## II. STATEMENT OF FACTS

### A. Background of the Nevada Dispute

On or about April 4, 2008, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of ten million dollars ($10,000,000.00) ("Blixseth Note"). The Blixseth Note was due and payable on April 11, 2008. At approximately the same time, Overlook Partners executed a Promissory Note in favor of Blixseth in the principal amount of fifteen million dollars ($15,000,000.00) ("Overlook Note").

Blixseth defaulted on the Blixseth Note. In lieu of Blixseth paying the principal balance and interest owing per the Blixseth Note, Blixseth, 395 Lampe, and Overlook Partners entered into a Note Agreement effective as of May 5, 2008 ("Note Agreement"). *Sweet Dec.*, Ex. 1. Pursuant to ¶ 14 of the Note Agreement, the Note Agreement is to be governed by the laws of the State of Nevada and venue for any action regarding the Note Agreement "shall" be in Douglas or Washoe County, Nevada.

MOTION TO DISMISS OR STAY   -4-
Case No. 2:12-cv-01503-RAJ

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

As an element of the satisfaction of the Note Agreement, Blixseth assigned the Overlook Note to 395 Lampe and the principal amount of the Overlook Note was reduced to ten million dollars ($10,000,000.00).  As a further element of the satisfaction of the Note Agreement, Blixseth executed a Continuing Guaranty of the Overlook Note ("Overlook Note Guaranty").  *Sweet Dec.*, Ex. 2.  The Overlook Note Guaranty contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada.  *Id.* Ex. 2, ¶ 18.  As an additional element of the satisfaction of the Note Agreement, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of five million dollars ($5,000,000.00) ("Blixseth Note II").  *Id.* at Ex. 3.  Blixseth Note II also contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada.  *Id.* at Ex. 3, ¶ 10.

On or about July 20, 2009, Kawish executed a Promissory Note in favor of 395 Lampe in the principal amount of one million dollars ($1,000,000.00) ("Kawish Note").  *Sweet Dec.,* Ex. 4.  The Kawish Note contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada.  *Id.* at Ex. 4, ¶ 11.  Also on or about July 20, 2009, Blixseth executed a Continuing Guaranty of the Kawish Note ("Kawish Note Guaranty"). *Id.* at Ex. 5.  The Kawish Note Guaranty also contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada.  *Id.* at Ex. 5, ¶ 18.

On or about November 13, 2009, Kawish executed a Promissory Note in favor of the Prim Trust in the principal amount of five hundred thousand dollars ($500,000.00) ("Kawish Note II").  *Sweet Dec.,* Ex. 6.  Kawish Note II contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada.

MOTION TO DISMISS OR STAY         -5-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

*Id.* at Ex. 6, ¶ 11. Also on or about November 13, 2009, Blixseth executed a Continuing Guaranty of Kawish Note II ("Kawish Note II Guaranty"). *Id.* at Ex. 7. The Kawish Note II Guaranty contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada. *Id.* at Ex. 7, ¶ 18.

On or about January 21, 2010, Kawish executed a second Promissory Note in favor of the Prim Trust in the principal amount of three hundred thousand dollars ($300,000.00) ("Kawish Note III"). *Sweet Dec.,* Ex. 8. Kawish Note III contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada. *Id.* at Ex. 8, ¶ 11. On or about January 22, 2010, Blixseth executed a Continuing Guaranty of Kawish Note III ("Kawish Note III Guaranty"). *Id.* at Ex. 9. The Kawish Note III Guaranty contains a choice of law provision in favor of Nevada and an express consent to venue in Washoe County, Nevada. *Id.* at Ex. 9, ¶ 18.

The Note Agreement, Overlook Note Guaranty, Blixseth Note II, Kawish Note, Kawish Note II, and Kawish Note III (collectively "Loan Documents") evidence and constitute a majority of the indebtedness owed by Blixseth to 395 Lampe, the Prim Trust, and others. The Overlook Note, the Kawish Note, Kawish Note II, and Kawish Note III are secured by the respective personal guarantees made by Blixseth ("Blixseth Guaranty Documents").

The Blixseth Guaranty Documents are in default. As a result, on April 25, 2012, 395 Lampe and other plaintiffs initiated litigation against Blixseth in Nevada to collect the amounts outstanding under the Blixseth Guaranty Documents ("Nevada Lawsuit I").

MOTION TO DISMISS OR STAY                -6-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

The Kawish Note is partially secured by a mortgage recorded against the Medina Property. The Kawish Note is in default. As a result, on May 9, 2012, 395 Lampe initiated this action to judicially foreclose on the Medina Property.

As required by ¶ 4(c) of the Note Agreement, the Overlook Note Guaranty, Blixseth Note II, and the Kawish Note are secured by 100 Membership Units in WPT pursuant to a Membership Pledge Agreement and Collateral Assignment ("MPA"). *Sweet Dec.,* Ex. 10. The Overlook Note Guaranty, Blixseth Note II, and the Kawish Note are in default. As a result, 395 Lampe executed its rights under the MPA and transferred the Membership Units of WPT into its name. 395 Lampe then initiated litigation in Nevada to determine the commercially reasonable disposition of the Membership Units ("Nevada Lawsuit II").

**B.    This Action Is Duplicative of the Nevada Actions.**

This action was originally for the judicial foreclosure of the Medina Property. That foreclosure has been stayed pursuant to Kawish's bankruptcy. The pending claims for relief remaining primarily focus on WPT, the Membership Units, and the MPA. These issues should be litigated in Nevada pursuant to the controlling forum selection clauses.

Essentially, Blixseth is attempting to forum shop by subsuming a variety of issues and disputes into this lawsuit. However, this is not the proper forum to litigate these disputes. As stated above, nearly all of the controlling documents contain a choice of law provision favoring Nevada law and a forum selection clause favoring Nevada courts. Accordingly, 395 Lampe, along with other entities, have filed actions in Nevada to resolve these various disputes and collect the moneys owed them by Blixseth. Nevada is the proper venue to litigate those disputes and the claims contained in the Amended

MOTION TO DISMISS OR STAY           -7-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

Counterclaim should have been brought as counterclaims in Nevada, not Washington. The remaining claims simply have no tie to Washington.

**C.     This Action Is Reliant on the Montana Action.**

Other than Blixseth's claims relating to WPT, the Membership Units, and the MPA, the only pending issues in this case are Blixseth's claims against Overlook Partners for dissolution and contribution.

Overlook Partners' sole assets are five parcels of undeveloped land in Montana ("Overlook Lots"). The Overlook Lots were posted as security for a portion of the indebtedness and 395 Lampe maintains a security interest in the Overlook Lots through a mortgage. Blixseth, Overlook Partners, and 395 Lampe are all defendants to an action pending in the Montana Fifth Judicial District Court, Madison County, Case No. DV-29-2007-5 ("Overlook Lawsuit"). The Overlook Lawsuit was initiated on January 23, 2007, by Greg LeMond, who claims full ownership of the Overlook Lots. Blixseth is actively defending the Overlook Lawsuit on behalf of himself and Overlook Partners. 395 Lampe is defending the Overlook Lawsuit on its own behalf.

The claims against Overlook Partners in the Amended Counterclaim are directly tied to and dependent upon the outcome of the Overlook Lawsuit. If LeMond prevails in the Overlook Lawsuit, Overlook Partners will likely lose all of its assets, potentially rendering dissolution a mere formality and any judgment for contribution ineffective. Accordingly, those claims should be dismissed or stayed in favor of the Overlook Lawsuit.

### III.     PROCEDURAL HISTORY

This case originated in King County Superior Court on May 9, 2012, when 395 Lampe filed its Complaint against Kawish and Blixseth. On June 18, 2012, Kawish

MOTION TO DISMISS OR STAY         -8-
Case No. 2:12-cv-01503-RAJ

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

removed this lawsuit to the United States District Court for the Western District of Washington based upon diversity jurisdiction. 395 Lampe filed a Motion to Remand for lack of diversity jurisdiction, which was granted on July 30, 2012. The case was thus remanded to King County Superior Court and 395 Lampe was awarded its attorneys' fees and costs pursuant to the remand.

On August 13, 2012, 395 Lampe filed a Motion to Dismiss or Stay in King County Superior Court. On August 31, 2012, Kawish declared bankruptcy. On September 5, 2012, Kawish filed a Notice of Removal of Civil Action Under 28 U.S.C. § 1334(E)(1), removing this case to this Court. 395 Lampe's Motion to Dismiss or Stay is being re-filed pursuant to CR 101(c).

## IV.   ARGUMENT

Blixseth is attempting to subsume a variety of issues and disputes into this lawsuit; however, this is not the proper forum to litigate these disputes. Each of the controlling documents contains a choice of law provision favoring Nevada law and a forum selection clause favoring Nevada courts. Accordingly, 395 Lampe, along with other entities, have filed actions in Nevada to resolve these various disputes and collect the moneys owed them by Blixseth. Nevada is the proper venue to litigate those disputes and the claims contained in the Amended Counterclaim should have been brought as counterclaims in Nevada, not Washington. At the very least, all of the causes of action alleged in the Amended Counterclaim should be stayed pending resolution of the Nevada Lawsuits and the Overlook Lawsuit.

MOTION TO DISMISS OR STAY     -9-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

A.  **Legal Standard**

Pursuant to FRCP 12(b)(3), a claim for relief may be dismissed for improper venue. A district court may transfer any civil action to any other district or division to which all parties have consented. 28 U.S.C. § 1404. Furthermore, public policy in the State of Washington dictates that, if the parties agree to a venue for a suit, the trial court cannot allow the suit to be brought in any county other than the one agreed on by the parties. Keystone Masonry, Inc. v. Garco Const., Inc., 135 Wash. App. 927, 933, 147 P.3d 610, 613 (2006).

"Forum selection clauses are to be specifically enforced unless the party opposing the clause clearly shows 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Manetti-Farrow, Inc., v. Gucci Am., Inc., 858 F.2d 509, 512 (9th Cir. 1988) (quoting Bremen v. Zopata Off-Shoes Co., 407 U.S. 1, 92 S.Ct. 1907 (1972)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2181 n. 14 (1985). The opposing party bears the burden to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Id. Forum selection clauses can extend to claims related to interpretation of the contracts. Id.

Additionally, a pleading must state as a counterclaim any claim that, at the time of its service, the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. FRCP 13(a)(1). Otherwise, the counterclaim is merely permissive. FRCP 13(b).

B.   **The First Six Causes of Action in the Amended Counterclaim Should Be Dismissed or Stayed in Favor of the Nevada Lawsuits.**

395 Lampe initiated Nevada Lawsuit I on April 25, 2012, and Nevada Lawsuit II on May 30, 2012. Desert Ranch, LLLP, a Blixseth entity, was served with Nevada Lawsuit II on May 31, 2012. Blixseth was served with both Nevada Lawsuits on June 10, 2012. Blixseth disputed the adequacy of the June 10, 2012, service and 395 Lampe completed supplemental service upon Blixseth on June 27, 2012. Over two weeks later, on July 13, 2012, Blixseth filed the Amended Counterclaim in this case.

   i.   *These claims are mandatory counterclaims in the Nevada Lawsuits.*

The Amended Counterclaim contains nine causes of action. Of those, the first six should be dismissed or stayed in favor of the Nevada Lawsuit. Each of these claims primarily involves the ownership, pledge, foreclosure, and commercially reasonable disposition of the Membership Units pursuant to the MPA, which is the subject of the Nevada Lawsuits. The present lawsuit, by contrast, arose out of the judicial foreclosure of the Medina Property (which is now stayed pursuant to Kawish's bankruptcy). The first six claims in the Amended Counterclaim arise out of the transaction or occurrence that is the subject matter of the Nevada Lawsuits, not this judicial foreclosure. Thus, these claims should be dismissed or stayed in this action and filed as mandatory counterclaims in the Nevada Actions. FRCP 13(a)(1).

   ii.   *These claims are subject to forum selection clauses favoring Nevada.*

The first, second, fifth, and sixth causes of action seek declaratory relief and damages relating to 395 Lampe's exercise of its rights under the MPA. This very issue is being litigated in the Nevada Lawsuits pursuant to the parties' agreements. These claims

MOTION TO DISMISS OR STAY           -11-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

arise directly out of the overarching Note Agreement, which contains a mandatory forum selection clause favoring Nevada. *Sweet Decl.*, Ex. 1 at ¶ 14. Nevada has jurisdiction over the parties, Nevada law will apply to this dispute, and the Nevada Lawsuits are already pending. Thus, the first, second, fifth, and sixth causes of action in the Amended Counterclaim should be dismissed or stayed in favor of the Nevada Lawsuits.

The third and fourth causes of action in the Amended Counterclaim arise out of alleged misrepresentations made by Prim to Blixseth with respect to collection of the debts evidenced by the Loan Documents. As discussed above, each of the Loan Documents contains a choice of law provision favoring Nevada law and a forum selection clause in favor of Nevada courts. Again, Nevada has jurisdiction over the parties, Nevada law will apply to this dispute, and the Nevada Lawsuits are already pending. The third and fourth causes of action in the Amended Counterclaim should be dismissed or stayed in favor of the Nevada Lawsuits.

This lawsuit is simply not the proper place to litigate issues and disputes relating to the Membership Units, the MPA, the Loan Documents, or the Blixseth Personal Guaranties. Those issues are all subject to choice of law provisions favoring Nevada and forum selection clauses favoring Nevada. Blixseth is a sophisticated businessman and these contracts involve multi-million dollar transactions. The forum selection clauses in these contracts were negotiated and knowingly and intelligently entered into and should be enforced.

Accordingly, the first six causes of action should be dismissed or stayed and Blixseth and his entities should raise them as counterclaims in the Nevada Lawsuits.

MOTION TO DISMISS OR STAY           -12-
Case No. 2:12-cv-01503-RAJ

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**C.      The Seventh Cause of Action Is Stayed Pursuant to Kawish's Bankruptcy.**

The seventh cause of action contained in the Amended Counterclaim is brought by Kawish against 395 Lampe, the Prim Trust, and Third-Party Defendant Blackstone Corporation, seeking injunction relief restraining the non-judicial foreclosure sales of the Medina Property.  The non-judicial foreclosures are subject to Kawish's bankruptcy stay.  11 U.S.C. § 362.  Accordingly, the seventh cause of action is moot pending Kawish's bankruptcy.

**D.      The Eighth and Ninth Causes of Action Should Be Dismissed or Stayed.**

In the eighth cause of action, Blixseth seeks contribution against Overlook Partners.  In the ninth cause of action, Blixseth seeks dissolution of Overlook Partners.  However, Overlook Partners is actively engaged in the highly contested Overlook Lawsuit in Montana concerning the ownership of its sole asset, the Overlook Lots.  Blixseth is defending Overlook Partners in that lawsuit.  Blixseth and 395 Lampe are also defendants in the Overlook Lawsuit.  Because Overlook Partners' only business and only assets are the subject of the Overlook Lawsuit, and because Blixseth, Overlook Partners, and 395 Lampe are all defendants to that lawsuit, judicial economy and all parties' interests would best be served by dismissing or staying the eighth and ninth causes of action in favor of the Overlook Lawsuit.

Blixseth's eighth cause of action for contribution against Overlook Partners is also directly tied to his first six causes of action, which generally seek a judicial determination that the Overlook Note and the Overlook Note Guaranty have been satisfied.  This issue is highly disputed and is the subject of the Nevada Lawsuits.  Thus, Blixseth's claim for contribution is contingent upon the outcome of the Nevada Lawsuits.  Blixseth's eighth

cause of action should therefore be litigated as part of the Nevada Lawsuits or stayed in favor of the Nevada Lawsuits.

## V. CONCLUSION

Each cause of action in the Amended Counterclaim should be dismissed or stayed for various reasons. Primarily, this action was initiated for the limited purpose of completing a judicial foreclosure of the Medina Property. The overarching litigation regarding all indebtedness owed by Blixseth to Prim should be handled in Nevada as agreed to by contract. The Nevada Lawsuits were initiated for this purpose and Blixseth's claims should be litigated as part of the Nevada Lawsuits. Nevada law will apply to this dispute, Nevada has jurisdiction over the parties, and Nevada is the forum selected by the parties.

There is simply nothing to be decided by this Court at this time. All WPT disputes should be litigated in Nevada and all Overlook Partners disputes should be litigated in Montana. If 395 Lampe is successful in obtaining permission from the bankruptcy court to proceed with the judicial foreclosure of the Medina Property, this case would then move forward.

For these reasons, the Motion should be granted.

DATED this 28th day of September, 2012.

                                        **WITHERSPOON • KELLEY**

                                        By: *s/Jody M. McCormick*
                                             Jody M. McCormick, WSBA No. 26351
                                             Attorneys for 395 Lampe, LLC
                                             WITHERSPOON · KELLEY
                                             422 W. Riverside Avenue, Suite 1100
                                             Spokane, WA 99201; (509) 624-5265
                                             jmm@witherspoonkelley.com

MOTION TO DISMISS OR STAY    -14-    WITHERSPOON · KELLEY
Case No. 2:12-cv-01503-RAJ                422 WEST RIVERSIDE AVENUE, SUITE 1100
                                          SPOKANE, WASHINGTON 99201-0302
                                                     (509) 624-5265

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2012,

1. I caused to be electronically filed the foregoing 395 LAMPE, LLC'S MOTION TO DISMISS OR STAY with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Paul E. Brain, Attorney for Plaintiff, Thomas Scott Linde, Attorney for Blackstone Corporation**

2. I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

*s/ Jody M. McCormick*
Jody M. McCormick, WSBA No. 26351
Attorneys for 395 Lampe, LLC
WITHERSPOON · KELLEY
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-458-2717
jmm@witherspoonkelley.com

MOTION TO DISMISS OR STAY   -15-
Case No. 2:12-cv-01503-RAJ

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265