# EXHIBIT 1

DECL. OF SWEET -4

05/05/2008 MON 19:40  FAX 4065876256 Yellowstone Club                                    ☒037/077

## NOTE AGREEMENT

**PARTIES:**

| | |
|---|---|
| TIMOTHY L. BLIXSETH | ("Blixseth") |
| 395 LAMPE, LLC | ("395 Lampe") |
| OVERLOOK PARTNERS, LLC | ("Overlook") |

**RECITALS:**

**WHEREAS,** Yellowstone Development, LLC was the owner of that property commonly known as Lots 201, 202, 203, 204, and 205 of the Yellowstone Club, situate in Madison County ("the Property"), the legal description for which is as follows:

> Lot 201, Lot 202, 203, 204, and 205, of Plat of Overlook Subdivision, in Madison County, Montana, according to the official plat thereof on file and record in the office of the County Clerk and Recorder, Madison County, Montana. (Plat reference in Book 4 of Plats, Page 541, records of Madison County Montana.

**WHEREAS,** 395 Lampe loaned to Blixseth the principal amount of ten million dollars ($10,000,000.00) on or about April 4, 2008, secured by a promissory note ("Blixseth Note") and membership pledge agreement in Western Pacific Timber, LLC ("WPT MPA") of even date therewith;

**WHEREAS,** Blixseth loaned the principal amount of ten million dollars ("$10,000,000.00") to Overlook on or about April 4, 2008, for the purpose of Overlook's purchase of the Property;

**WHEREAS,** Overlook executed in favor of Blixseth a promissory note ("Overlook Note") for fifteen million dollars and mortgage ("Overlook Mortgage") securing the Overlook Note, concomitant with its acquisition of the Property;

**WHEREAS,** The Blixseth Note was due and payable on April 11, 2008;

**IT IS THEREFORE AGREED:**

1.  **Effective Date.** This Agreement is entered into as of May 5, 2008

2. **Recitals.** The above Recitals are deemed true and correct and are adopted herein.

3. **Consideration.** The sufficiency, negotiation and receipt of consideration is acknowledged by all parties.

4. **Repayment of Blixseth Note.** In lieu of Blixseth paying the principal balance and interest owing per the Blixseth Note, Blixseth shall:

   a. assign all right, title and interest to the Overlook Note and Overlook Mortgage to 395 Lampe, LLC, which assignment shall be recorded;
   b. execute a guaranty of the Overlook Note (Blixseth being a key principal and one half owner of Overlook);
   c. execute a membership pledge agreement with respect to his 1/3 membership interest in Western Pacific Timber, LLC, in favor of 395 Lampe, LLC;
   d. execute a membership pledge agreement with respect to his 1/2 membership interest in Overlook Partners, LLC, in favor of 395 Lampe, LLC;
   e. indemnify and defend with respect to the Lis Pendens as set forth further, herein (effected by execution hereof).
   f. Execute a non-binding letter of interest setting forth general terms for 395 Lampe, LLC or its member, Wayne L. Prim to acquire a right in certain property in Mexico.

5. **Extinguishment of Blixseth Note.** The satisfaction of those obligations set forth in Article 4a through 4f, inclusive, shall serve as satisfaction of Blixseth's obligation to repay the $10,000,000.00 principal amount of the Blixseth Note, as well as the interest thereon.

6. **Lis Pendens.** There is currently a notice of lis pendens giving notice that an action has been commenced claiming title and/or a right of possession to real property, between Greg LeMond, as plaintiff, and Blixseth Group, Inc. and Yellowstone Development, LLC ("YDLLC") and Yellowstone Mountain Club, LLC ("YMCLLC") as defendants ("Lis Pendens"), filed June 14, 2007, under Document NO. 120486, records of Madison County, Montana, and Madison County District Court Case No. DV-29-2007-5 ("Case"). Blixseth represents that he is the president of Blixseth Group, Inc, that he is the sole shareholder of Blixseth Group, Inc., and that Blixseth Group, Inc. is the sole manager of YDLLC and YMCLLC. Blixseth further represents that Blixseth Group, Inc., YDLLC and YMCLLC have answered the complaint and are defendants in the Case, and are actively and zealously litigating the Case, in an attempt to remove the Lis Pendens from the Property. As part of the consideration for this transaction, Blixseth shall indemnify and hold harmless 395 Lampe, its members, managers, legal counsel, employees and representatives (each an "Indemnified Party") with respect to any costs or

05/05/2008 MON 19:40  FAX 4065976256 Yellowstone Club                                    ☒039/077

damages sustained by 395 Lampe in any manner related to the Case and/or the Lis Pendens ("Case Damages"), within thirty (30) days of demand. Case damages shall include, without limitation, the award of any of the Property to the plaintiff(s) in the Case as a result of the adjudication of the Case, and/or the costs related to satisfying and/or removing any judgment levied against the Property. By way of example, should the plaintiff in the Case prevail and be awarded one of the lots that comprise the Property, Blixseth shall pay to 395 Lampe, LLC the fair market value of that lot, which amount, once paid, shall be considered partial repayment of the Overlook Note. Damages sustained by any Indemnified Party that are not diminution of the value of the Property (including, without limitation, any and all legal expenses incurred by any Indemnified Party related to the Case or Lis Pendens), once paid by Blixseth would not be considered partial repayment of the Overlook Note. Blixseth, a key principal of YDLLC, YMCLLC and further guarantees that to the extent that YDLLC or YMCLLC has insufficient funds to continue to actively and zealously litigate the Case and underlying Lis Pendens, then he will personally contribute to the capital of both of those entities sufficient cash to continue to actively and zealously litigate the Case and Underlying Lis Pendens.

7. **$5,000,000 Loan.** 395 Lampe shall loan an additional five million dollars ($5,000,000.00) to Blixseth, on the terms set forth in that note executed by Blixseth in favor of 395 Lampe ("Blixseth Note II"), which shall have a one year maturity date. The Blixseth Note II shall be full recourse and shall be secured by membership pledge agreements in Western Pacific Timber, LLC and Overlook. The sole purpose of the $5,000,000.00 loan shall be for Blixseth to contribute to Overlook, and for Overlook to pay off that note dated April 4, 2008, by Overlook to YDLLC, for the release of that Mortgage dated April 4, 2008 by Overlook to YDLLC, Madison County document number 125384. The obligation for 395 Lampe to fund this loan shall not take place until (i) all executory obligations of Blixseth are satisfied and until the title company effecting this transaction has in its possession a duly executed and notarized satisfaction of mortgage that will release the $5,000,000 mortgage on the Property held by YDLLC, (ii) the original note by Overlook to YDLLC is returned to Overlook, by presentment to the title company effecting this transaction, and (iii) a commitment for a lender's policy of title insurance, in form and substance satisfactory to 395 Lampe, in the amount of fifteen million ($15,000,000.00) is provided to 395 Lampe, insuring the that the Overlook Mortgage is a first lien on the Property, and that it is subject only to the exceptions to title approved by 395 Lampe.

8. **Reduction of Overlook Note.** The Overlook Note shall be reduced effective as of April 4, 2008 to a principal amount of ten million dollars ($10,000,000.00) from fifteen million dollars ($15,000,000.00). Interest shall be deemed to have commenced accruing on $10,000,000.00 as of April 4, 2008.

05/05/2008 MON 19:40  FAX 4065876256 Yellowstone Club                                    ☒040/077

9. **Acknowledgement of Overlook.** Overlook hereby acknowledges that the Overlook Note and Overlook Mortgage have, through an assignment of even date herewith ("Assignment") been assigned by Blixseth to 395 Lampe, and that all payments owing thereunder shall be made directly to 395 Lampe.

10. **No Fiduciary Duty of 395 Lampe.** All parties acknowledge that 395 Lamp, will be a Member of Overlook, as well as the holder and owner of the Overlook Note and Overlook Mortgage, through the assignment by Blixseth of the Overlook Note and Overlook Mortgage. The parties agree and acknowledge that 395 Lampe (and its members, managers, legal counsel and representatives) shall be entitled to act in its own best interest as the owner of the Overlook Note and Overlook Mortgage (notwithstanding whether any such act or omission to act is in the best interest of Overlook, or any member thereof) and, as such, shall be entitled to exercise its rights and remedies under the Overlook Note and Overlook Mortgage (and in law and equity), and no such exercise by Overlook shall be deemed a breach of any duty (fiduciary or otherwise) owed by Overlook or its affiliates or a conflict of interest of Overlook, whether hereunder or otherwise.

11. **Buyout Agreement.** So long as Blixseth is not in default of any this Agreement, or any other agreement or obligation referenced herein, and only after Blixseth has repaid all obligations owning under the Blixseth Note II, Blixseth may purchase 395 Lampe's interest in Overlook as follows (the "Buyout"). After one (1) year and a day have passed following the effective date of this Agreement, Blixseth shall have fourteen (14) days to notice 395 Lampe that it intends to buy 395 Lampe's Membership Interest at a purchase price of (i) ten million dollars ($10,000,000.00), plus (ii) that amount reflecting a return on that ten million dollars ($10,000,000.00) of twenty percent (20%), which return shall be calculated through and including the date of payment. In return, 395 Lampe shall be required to (i) transfer its Membership Interest in Overlook, the Overlook Note and Overlook Mortgage, to Blixseth and (ii) tender the certificates pledged by Blixseth in the membership pledge agreements for Western Pacific Timber, LLC and Overlook, as well as to terminate those pledge agreements. Payment shall be made to 395 Lampe within three (3) business days of notice, through closing at an escrow company to be mutually agreed upon by Blixseth and 395 Lampe. Should Blixseth fail to exercise this Buyout option, or remit payment therefore within the above specified time frame, Blixseth shall forever lose its Buyout right.

12. **Representations of Overlook.** Overlook represents and warrants as follows:

    a. Except for the Lis Pendens identified above, there are no pending or threatened claims, actions, suits, litigation, governmental investigations, or judicial or administrative proceedings, arbitrations, grievance proceedings or unfair labor practice claims involving the Property, including, without

limitation, any environmental conditions, natural or man-made, hazardous materials, rulings, findings, determinations or investigations by the Environmental Protection Agency, Army Corps of Engineers, any Montana State regulatory agency, or any other governmental or quasi-governmental entity of appropriate jurisdiction, which would interfere with Buyer's use of, and benefit from, the Property.

b. Except for the Lis Pendens identified above, no attachments, execution proceedings, assignments for the benefit of creditors, insolvency, bankruptcy, reorganization or other proceedings are pending or threatened against Overlook, nor are there any of such proceedings contemplated by Overlook.

c. Except for the Lis Pendens identified above, Overlook has fee simple title to the Property and will have good, marketable, and insurable thereto, free and clear of all liens, encumbrances, claims, covenants, conditions, restrictions, easements, rights of way, options, judgments, or other matters, except as disclosed on the preliminary title commitment (lender's policy) obtained by 395 Lampe.

d. The Property is not currently in violation of any law, ordinance, or regulation applicable to the Property.

e. Overlook has the legal power, right, and authority to enter into this Agreement. The execution of this Agreement and the fulfillment of the terms herein will not violate any other agreement of Overlook.

13. Further Assurances. Each of the parties shall, upon request of the other party, execute and deliver such additional documents as may be necessary or convenient for the purpose of evidencing or perfecting any rights or interests arising hereunder or hereunder.

14. Governing Law and Venue. Except as set forth in any document referenced, herein the parties agree that the interpretation and enforcement of this Agreement shall be governed by the laws of the state of Nevada and that venue for any action or suit to interpret, enforce any provisions of this Agreement shall be in Douglas or Washoe County. The parties agree to specific performance as a remedy to enforce the obligations herein.

15. Attorney Fees. If suit, action, or other proceeding of any nature (including any proceeding under the U.S. Bankruptcy Code) is instituted in connection with any controversy arising out of this Agreement or to interpret or enforce any rights hereunder, the prevailing party shall be entitled to recover its attorney fees, paralegals', accountants', and other experts' fees and all other fees, costs, and expenses actually incurred and reasonably necessary in

05/05/2008 MON 19:41  FAX 4065876256 Yellowstone Club                          ☒042/077

connection therewith, as determined by the court at trial or on any appeal or review, in addition to all other amounts provided by law.

16. **Authority.** The individuals executing this Agreement have the authority to do so on behalf of the respective parties.

17. **Successors.** This Agreement shall be binding not only upon the parties hereto, but also upon the respective successors, assigns, and legal representatives of each party, if assignment is allowed.

18. **Counterpart.** This document may be executed in counterpart.

19. **Facsimile.** Facsimile signatures shall suffice to bind the parties hereto.

20. **Notices.** Any required notices shall be issued by personal delivery by a nationally recognized overnight delivery service (such as Federal Express or UPS) or by facsimile transmittal as follows:

> 395 Lampe, LLC
> c/o Brian P. Ring
> 224 Kingsbury Grade
> Stateline, NV 89449
> Facsimile (775) 588-7922
>
> Timothy L. Blixseth
> Blixseth Group, Inc.
> 1000 Second Avenue, 30th Floor
> Seattle, WA 98104
> Facsimile (206) 386-7343

By: _____
TIMOTHY L. BLIXSETH,


395 LAMPE, LLC

By Its Manager,
Carson Valley Development, LLC

By: _____

05/05/2008 MON 19:41  FAX 4065876256 Yellowstone Club                        ☒043/077

WAYNE L. PRIM, Manager


OVERLOOK PARTNERS, LLC

By: _____
TIMOTHY L. BLIXSETH, Manager

Dated: 5/8/08