The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, a Nevada limited liability company, | Case No. 2:12-cv-01503-RAJ |
| Plaintiff/<br>Counterclaim Defendant | 395 LAMPE'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY |
| v. | |
| KAWISH, LLC, a Washington limited liability company; and TIMOTHY L. BLIXSETH and JANE DOE BLIXSETH, husband and wife, | **NOTE ON MOTION CALENDAR: OCTOBER 26, 2012** |
| Defendants/<br>Counterclaim Plaintiff's/<br>Third-Party Plaintiffs, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| WAYNE L. PRIM, an individual residing in Nevada; THE BLACKSTONE CORPORATION, a Washington corporation; PRIM 1988 REVOCABLE TRUST, a private trust; and OVERLOOK PARTNERS, LLC, a Washington limited liability company, | |
| Third-Party Defendants. | |

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY         -1-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1

Plaintiff / Counterclaim Defendant 395 Lampe, LLC, a Nevada limited liability company ("395 Lampe"), by and through its counsel of record, respectfully submits this Reply in Support of its Motion to Dismiss or Stay the Counterclaims and Third-Party Claims filed by Timothy L. Blixseth, an individual, ("Blixseth") and Kawish, LLC ("Kawish"). This Reply is made and based upon the following Memorandum of Points and Authorities, and any oral argument the court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Blixseth and Kawish oppose the Motion based primarily on bankruptcy rules and procedures. This matter is not pending in Bankruptcy Court and bankruptcy rules do not apply. Should this matter be referred to the Bankruptcy Court, those issues will be addressed as necessary at that time. However, so long as this matter remains docketed in this District Court, 395 Lampe will continue to act accordingly.

The substance of Blixseth's and Kawish's Opposition is that the relevant forum selection clauses are permissive, not mandatory, and therefore this Court is not *required* to grant the Motion and allow these claims to be litigated in Nevada. However, Blixseth consented to jurisdiction in Nevada. Litigation was therefore initiated in Nevada. Blixseth attempted to withdraw his consent by filing the Amended Counterclaim and subsuming all issues pending in Nevada into this lawsuit. Regardless, even if this Court is not *required* to grant the Motion, it should exercise its discretion and grant the Motion to promote judicial economy and deter forum shopping.

Blixseth also argues that the federal first-to-file rule favors litigating all issues in this Court. To the contrary, the first lawsuit involving these issues was filed in Nevada. Blixseth's attempt to subsume the two Nevada lawsuits into this action came several months later. Under the first-to-file rule, the Motion should be granted and these issues should be litigated in Nevada.

REPLY IN SUPPORT OF  
MOTION TO DISMISS OR STAY       -2-  
Case No. 2:12-cv-01503-RAJ  

GUNDERSON LAW FIRM  
3895 Warren Way  
Reno, Nevada 89509  
(775) 829-1222  

87263-0001/LEGAL24995993.1

## II.	STATEMENT OF FACTS

While Blixseth's recitation of facts is disputed on various levels, 395 Lampe will only address the facts most material to this Motion. Most importantly, Blixseth blurs the procedural timeline of this litigation and confuses the issues involved in the various lawsuits.

On April 25, 2012, 395 Lampe and others initiated litigation against Blixseth in Nevada to collect the amounts outstanding under the Blixseth Guaranty Documents ("Nevada Guaranty Lawsuit"). Opposition at Appendix 3. Blixseth removed the Nevada Guaranty Lawsuit to Nevada Federal court where it is currently pending subject to a Motion to Remand the action to Nevada State court.

On May 9, 2012, 395 Lampe initiated this lawsuit against Blixseth and Kawish in Washington only to judicially foreclose on the Medina Property pursuant to defaults on the Kawish Note and Blixseth Note II. *Docket 7-1*.

On May 30, 2012, 395 Lampe initiated litigation against Blixseth and Desert Ranch, LLLP ("Desert Ranch"), in Nevada to resolve its dispute with Blixseth regarding the WPT Membership Units and obtain a judicial determination of the value and commercially reasonable disposition of the WPT Membership Units ("Nevada WPT Lawsuit"). Opposition at Appendix 2. Blixseth and Desert Ranch removed the Nevada WPT Lawsuit to Nevada Federal court where it is currently pending subject to a Motion to Remand the action to Nevada State court.

On August 1, 2012, *over two months later*, Kawish and Blixseth filed Defendants' Amended Answer, Affirmative Defenses and Counterclaim and Third-Party Complaint in this case ("Amended Counterclaim"). *Docket 9-4*. The Amended Counterclaim attempted to greatly expand the scope of this action and subsume within it the issues and claims already pending in the Nevada Guaranty Lawsuit and the Nevada WPT Lawsuit.

Contrary to Blixseth's assertion, 395 Lampe has not initiated three different lawsuits to litigate the same issues. The Nevada Guaranty Lawsuit was initiated to

REPLY IN SUPPORT OF  
MOTION TO DISMISS OR STAY     -3-  
Case No. 2:12-cv-01503-RAJ  

GUNDERSON LAW FIRM  
3895 Warren Way  
Reno, Nevada  89509  
(775) 829-1222  

87263-0001/LEGAL24995993.1

enforce Blixseth's personal guaranties of over $40,000,000 worth of debt.  This lawsuit was initiated to judicially foreclose upon the Medina Property.  The Nevada WPT Lawsuit was initiated solely to resolve a dispute between 395 Lampe and Desert Ranch regarding the commercially reasonable disposition and value of the WPT Membership Units.  While these different lawsuits rely upon some overlapping facts, they involve distinct issues and legal claims.  Any overlap of legal issues was caused by Blixseth and Kawish greatly expanding the scope of this action with their Amended Counterclaim.

It is also important to note that Blixseth's personal valuation of the value of the WPT Membership Units is disputed.  This dispute is the subject of the Nevada WPT Lawsuit.

### III.   ARGUMENT

**A.   This Motion Was Filed In the Court Before Which this Case Is Pending.**

Blixseth adamantly argues that 395 Lampe's Motion was brought in the incorrect court.  This lawsuit is currently docketed and pending in the Western District Court of Washington.  395 Lampe has acted in accordance with the relevant procedural rules and has filed its Motion in the Court in which this matter is pending.

Kawish ostensibly removed this case from State court to this District Court pursuant to 28 U.S.C. § 1452.  CR 101(e) requires that parties asserting removal under 28 U.S.C. § 1452 file their notice of removal with the Clerk of the Bankruptcy Court, not the Clerk of the District Court for the Western District of Washington.  This procedure is proper due to the Standing Order of Reference cited by Blixseth in his Opposition.  However, instead of complying with CR 101(e) and removing this case to the Bankruptcy Court, Blixseth and Kawish removed this lawsuit to this District Court.

CR 101(c) requires a party to re-file in District Court any motions that were pending and undecided in State court at the time of removal.  395 Lampe's Motion to Dismiss or Stay was pending and undecided in State court at the time of removal.

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY          -4-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1

1  Accordingly, 395 Lampe filed its Motion in this Court pursuant to and in compliance with
2  CR 101(c).

3  This is the Court to which Blixseth and Kawish removed this lawsuit, this is the
4  Court in which this lawsuit is pending, and therefore this is the Court in which 395 Lampe
5  filed its Motion.  Any jurisdictional or forum defect is the result of Blixseth's and
6  Kawish's failure to comply with CR 101(e).

7  As this lawsuit is not pending in Bankruptcy Court, 395 Lampe is not required to
8  seek a withdrawal of reference or a remand prior to re-filing its Motion in compliance with
9  CR 101(c).

**B.  Kawish's Other Bankruptcy Concerns Should Be Left to the Bankruptcy Court.**

Blixseth and Kawish argue that the Motion should not be granted because prosecution of the co-debtor claims in Nevada would violate the automatic stay and affect the administration of the Kawish Bankruptcy Estate. Opposition at 7:13-22.  In a footnote, Kawish asserts that it intends to file a motion with the Bankruptcy Court seeking a co-debtor stay.  These issues are to be decided by the Bankruptcy Court pursuant to a different motion and are irrelevant to 395 Lampe's current Motion.

**C.  The Forum Selection Clauses Favor Resolving these Issues in Nevada.**

Blixseth and Kawish attempt to circumvent the forum selection clauses contained in the numerous contracts involved in this dispute by distinguishing between permissive and mandatory forum selection clauses.  This argument is unavailing for various reasons.

It is undisputed that the Note Agreement contains a mandatory forum selection clause.  Opposition at 8:1-5; <u>see also</u> Note Agreement (*Docket 8-4, Ex. 4*).  Forum selection clauses can extend to claims which relate to interpretation of the contracts, not just claims for breach of the contract itself.  <u>Manetti-Farrow, Inc., v. Gucci Am., Inc.</u>, 858

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY   -5-
Case No. 2:12-cv-01503-RAJ

**GUNDERSON LAW FIRM**
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1

1  F.2d 509, 512 (9th Cir. 1988).  Blixseth argues that the Note Agreement is not at issue and
2  therefore its mandatory forum selection clause is not applicable; however, the principal
3  allegation in the Amended Counterclaim is that Wayne Prim and Blixseth orally modified
4  the various written contracts and replaced them with an oral agreement whereby Mr. Prim
5  "would look to the proceeds of sale of WPT assets for satisfaction of the indebtedness…."
6  Amended Counterclaim at ¶ 3.14.  To prove this allegation, Blixseth will need to prove,
7  among other things, that the Note Agreement was orally modified.  Accordingly, the
8  interpretation and enforcement of the Note Agreement is at issue in the Amended
9  Counterclaim and the Note Agreement's mandatory forum selection clause applies.

10  It is likewise undisputed that Blixseth and his related entities, including Kawish,
11  consented to jurisdiction in Washoe County, Nevada, for disputes arising out of nearly all
12  other written agreements.  Opposition at 8:5-6.  Pursuant to the litany of forum selection
13  clauses, 395 Lampe initiated the Nevada Guaranty Lawsuit and the Nevada WPT Lawsuit
14  in Nevada.  The only actions taken outside of Nevada were those limited issues that could
15  not be decided by Nevada State courts, such as the judicial foreclosure of the Medina
16  Property.  Blixseth argues that these forum selection clauses are permissive, not
17  mandatory, and therefore need not be enforced.  A permissive forum selection clause
18  contains language granting the selected forum jurisdiction, but does not prohibit
19  jurisdiction elsewhere.  Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th
20  Cir. 1987). By contrast, a mandatory forum selection clause mandates that the designated
21  court is the only court which has jurisdiction.  Id.

22  Here, the forum selection clauses present a different issue.  The controlling
23  contracts all contain language providing that maker or borrower, respectively, consent to
24  venue in Washoe County or Douglas County.  By consenting to jurisdiction in Nevada,
25  Blixseth waived his right to object to jurisdiction in Nevada.  In violation of these clauses,
26  Blixseth has objected to Nevada's jurisdiction, filed the Amended Counterclaim to
27

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY              -6-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1

subsume the issues being litigated in Nevada into this case, and moved to stay the Nevada Guaranty Lawsuit and the Nevada WPT Lawsuit in favor of this lawsuit. These actions violate the "consent to jurisdiction" provisions in the various agreements. The Motion should be granted to allow the parties to continue litigating these issues in their chosen forum.

Finally, even if this Court determines that the relevant forum selection clauses are permissive rather than mandatory, this Court should exercise its discretion and grant the Motion. Blixseth purposefully availed himself to the advantages of Nevada law, formed Desert Ranch as a Nevada entity, entered into contracts under Nevada law, borrowed money from Nevada residents, and contractually agreed to litigate any dispute arising from those loans in Nevada. For these reasons, 395 Lampe initiated litigation in Nevada and Nevada is where these issues should be resolved.

**D.     The First-to-File Rule Favors Nevada.**

Blixseth and Kawish also cite to the federal first-to-file rule in arguing that 395 Lampe put the validity and amount of any debt owed by Kawish and Blixseth at issue in Washington before it was placed at issue in Nevada. To the contrary, the first lawsuit filed in this dispute was the Nevada Guaranty Lawsuit. The first claims filed pertaining to the MPA or the WPT Membership Units was the Nevada WPT Lawsuit. In either event, this issue was first raised in Nevada.

The Nevada Guaranty Lawsuit seeks recovery from Blixseth for breaches of his personal guarantees of the Overlook Note, the Desert Ranch Note, the Kawish Note, Kawish Note II, and Kawish Note III. Opposition at Appendix 3. If Blixseth's overarching defense to this litigation is that all debt was satisfied by the WPT Membership Units, then that defense should have first been raised in the Nevada Guaranty Lawsuit.

Blixseth attempts to circumvent this fact by arguing that the Nevada Guaranty Lawsuit does not involve the MPA. Opposition at 9:10-11. However, this action likewise did not involve the MPA until Blixseth and Kawish filed their Amended Counterclaim.

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY         -7-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89509
(775) 829-1222

87263-0001/LEGAL24995993.1

1  Indeed, the MPA has as much (or as little) relation to the Nevada Guaranty Lawsuit as it
2  does to this action.  The MPA was first placed in issue in the Nevada WPT Lawsuit.
3  Accordingly, the first-to-file rule favors granting the Motion and conducting this litigation
4  in Nevada, the court which first acquired jurisdiction.

5       By filing his Amended Counterclaim in this action instead of bringing those claims
6  as mandatory counterclaims in either Nevada lawsuit, Blixseth is attempting to greatly
7  expand the scope of this lawsuit in an effort to litigate his entire dispute with Mr. Prim in
8  Washington instead of Nevada.  This is a classic example of forum shopping and must not
9  be allowed.

## IV.   CONCLUSION

11  395 Lampe filed this Motion in the Court in which this lawsuit is docketed and
12  pending.  Any defect in jurisdiction was caused by Kawish's violation of CR 101(e).
13  Bankruptcy rules, procedures, and issues simply do not apply to this Motion.

14       Blixseth purposefully availed himself to the advantages of Nevada law, formed
15  Desert Ranch as a Nevada entity, entered into contracts under Nevada law, borrowed
16  money from Nevada residence, and contractually agreed to litigate any dispute arising
17  from those loans in Nevada.  Accordingly, 395 Lampe initiated litigation in Nevada and
18  Nevada is where these issues should be resolved.

19       The only issue which was properly brought in Washington in this case, the judicial
20  foreclosure of the Medina Property, has been stayed.  There is simply nothing left to be
21  decided by this Court at this time.  All WPT disputes should be litigated in Nevada and all
22  Overlook Partners disputes should be litigated in Montana.

23       For these reasons, the Motion should be granted and all of the causes of action
24  alleged in the Amended Counterclaim should be dismissed without prejudice to be
25  brought in the proper jurisdiction or stayed pending resolution of the Nevada Lawsuits and
26  the Overlook Lawsuit.

27

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY     -8-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1

DATED:  October 26, 2012

PERKINS COIE LLP

By:    */s/ Brian A. Jennings*
      Alan D. Smith, WSBA No. 24964
      ADSmith@perkinscoie.com
      Brian A. Jennings, WSBA No. 32509
      BJennings@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

And

**WITHERSPOON KELLEY**
Jody M. McCormick, WSBA No. 26351
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-458-2717
jmm@witherspoonkelley.com

And

**GUNDERSON LAW FIRM**
Mark H. Gunderson (admitted *pro hac vice*)
mgunderson@gundersonlaw.com
Austin K. Sweet (admitted *pro hac vice*)
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89511
Telephone: 775.829.1222
Facsimile: 775.829.1226

*Attorneys for 395 Lampe, LLC*

REPLY IN SUPPORT OF
MOTION TO DISMISS OR STAY       -9-
Case No. 2:12-cv-01503-RAJ

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89509
(775) 829-1222

87263-0001/LEGAL24995993.1