The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, a Nevada limited liability company, | Case No. 2:12-cv-01503-RAJ |
| Plaintiff/<br>Counterclaim Defendant | 395 LAMPE'S MOTION FOR PARTIAL SURRENDER OF INJUNCTION BOND |
| v. | |
| KAWISH, LLC, a Washington limited liability company; and TIMOTHY L. BLIXSETH and JANE DOE BLIXSETH, husband and wife, | **NOTE ON MOTION CALENDAR: DECEMBER 14, 2012**<br><br>**WITHOUT ORAL ARGUMENT** |
| Defendants/<br>Counterclaim Plaintiff's/<br>Third-Party Plaintiffs, | |
| v. | |
| WAYNE L. PRIM, an individual residing in Nevada; THE BLACKSTONE CORPORATION, a Washington corporation; PRIM 1988 REVOCABLE TRUST, a private trust; and OVERLOOK PARTNERS, LLC, a Washington limited liability company, | |
| Third-Party Defendants. | |

MOTION FOR PARTIAL SURRENDER
OF INJUNCTION BOND (2:12-cv-01503-RAJ)     -1-

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89511
(775) 829-1222

87263-0001/LEGAL25245012.2
11/28/12

Plaintiff 395 LAMPE, LLC, a Nevada limited liability company ("395 Lampe") files this Motion for Partial Surrender of the $25,000 bond ("Injunction Bond") posted by Third-Party Defendant OVERLOOK PARTNERS, LLC ("Overlook Partners") pursuant to its Motion for Temporary Restraining Order and Preliminary Injunction to Restrain Foreclosure Sale and the correlated Temporary Restraining Order Restraining Foreclosure Sale and Setting Hearing ("TRO"). [*Dckt* 9-2].

395 Lampe initially filed this motion in Washington State court out of an abundance of caution to ensure that 395 Lampe did not waive any rights or claims against the Injunction Bond. The Washington State court ordered that the Injunction Bond be transferred to this Court and allowed 395 Lampe to re-file this Motion here.

395 Lampe also notes that this action was removed by Kawish, LLC, to this District Court, instead of Bankruptcy Court, in apparent violation of CR 101(e). Nonetheless, this matter is currently pending before this Court and therefore this Motion is filed in this Court. Should this matter be transferred to the Bankruptcy Court, the Injunction Bond and this Motion should likewise be transferred.

## I.   INTRODUCTION

395 Lampe, by and through its counsel of record, respectfully submits this Motion for Partial Surrender of Injunction Bond. 395 Lampe seeks an order from this Court surrendering $13,038.75 from the Injunction Bond to compensate 395 Lampe for the costs incurred as a result of the improper injunction. All remaining amounts may be released to Overlook Partners.

## II.   STATEMENT OF FACTS

On or about April 4, 2008, Defendant TIMOTHY L. BLIXSETH ("Blixseth") executed a Promissory Note in favor of 395 Lampe in the principal amount of ten million dollars ($10,000,000.00) ("Blixseth Note"). The Blixseth Note was due and payable on April 11, 2008. At approximately the same time, Overlook Partners executed a Promissory Note in favor of Blixseth in the principal amount of fifteen million dollars

MOTION FOR PARTIAL SURRENDER
OF INJUNCTION BOND (2:12-cv-01503-RAJ)   -2-

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89511
(775) 829-1222

87263-0001/LEGAL25245012.2
11/28/12

1  ($15,000,000.00) ("Overlook Note"). The Overlook Note was secured by certain real
2  property located in Montana ("Overlook Lots") through a written and recorded mortgage
3  ("Overlook Mortgage").

4  Blixseth defaulted on the Blixseth Note. In lieu of Blixseth paying the principal
5  balance and interest owing per the Blixseth Note, Blixseth, 395 Lampe, and Overlook
6  Partners entered into a Note Agreement effective as of May 5, 2008 ("Note Agreement").
7  See Brain 7/30/12 Aff., Ex. 4. [*Dckt* 8-4].

8  As an element of the satisfaction of the Note Agreement, Blixseth assigned the
9  Overlook Note and the Overlook Mortgage to 395 Lampe and the principal amount of the
10 Overlook Note was reduced to ten million dollars ($10,000,000.00). Id. The Overlook
11 Note is in default. Accordingly, 395 Lampe exercised its rights under the Note
12 Agreement, the Overlook Note, and the Overlook Mortgage, and initiated a non-judicial
13 foreclosure of the Overlook Lots in accordance with Montana law.

14 In response, Blixseth hired David S. Kerruish to represent Overlook Partners in
15 this lawsuit and, among other things, instructed Mr. Kerruish to file a Motion for
16 Temporary Restraining Order and Preliminary Injunction to Restrain Foreclosure Sale
17 ostensibly on behalf of Overlook Partners. See Amended Order Disqualifying Counsel of
18 Record for Overlook Partners, filed August 24, 2012. [*Dckt* 17-5]. Mr. Kerruish filed that
19 motion and obtained the TRO. See Temporary Restraining Order Restraining Foreclosure
20 Sale and Setting Hearing, filed July 31, 2012. [*Dckt* 8-6]. Pursuant to the TRO, the Ex
21 Parte Court Commissioner required Overlook Partners to post the Injunction Bond in the
22 amount of $25,000.00. Id. at ¶ 2. One of the express purposes of the Injunction Bond was
23 "to ensure payment of 395 Lampe, LLC's attorney's fees and costs…." Id.

24 395 Lampe filed a Motion to Disqualify Counsel of Record for Overlook Partners,
25 seeking to disqualify Mr. Kerruish as Overlook Partners' counsel and to have all pending
26 actions taken by Mr. Kerruish withdrawn ("Motion to Disqualify"). [*Dckt* 13-7]. That
27 motion was granted by Judge Rogers in Superior Court and all actions taken by Mr.

28 MOTION FOR PARTIAL SURRENDER
OF INJUNCTION BOND (2:12-cv-01503-RAJ)   -3-

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89511
(775) 829-1222

87263-0001/LEGAL25245012.2
11/28/12

Kerruish on behalf of Overlook Partners were terminated and vacated, including the TRO. <u>See</u> Amended Order Disqualifying Counsel of Record for Overlook Partners, filed August 24, 2012.  [*Dckt* 17-5].

On September 5, 2012, Kawish removed this matter to this Court.  On October 29, 2012, the Superior Court entered an Order Directing Delivery of Bond, transferring the Injunction Bond to this Court for disposition.  <u>See</u> Order Directing Delivery of Bond, attached as Exhibit "1."  On November 21, the Order Directing Delivery of Bond was modified and Finding of Fact No. 1 of the Order Directing Delivery of Bond was vacated. <u>See</u> Order Granting Defendants' Motion for Partial Relief from Order Directing Delivery of Bond Pursuant to CR 60, attached as Exhibit "2."  The Order Directing Delivery of Bond was modified not because it is erroneous, but because the Superior Court felt that it lacked jurisdiction to take any action related to the Injunction Bond other than transfer the Injunction Bond.  <u>Id.</u>

395 Lampe incurred $13,038.75 in attorneys' fees and costs in opposing the TRO and bringing the Motion to Disqualify.  These attorneys' fees and costs were incurred directly as a result of 395 Lampe being restrained and in direct attempts to dissolve the improper restraint.  Accordingly, this Court should order that $13,038.75 be surrendered to 395 Lampe from the Injunction Bond and release the remainder to Overlook Partners.

### III.   EVIDENCE RELIED UPON

This Motion to for Partial Surrender of Injunction Bond is supported by the files and records in this matter, the attached exhibits, and the following authority.

### IV.   ARGUMENT

The TRO was issued, and the Injunction Bond posted, under Washington State law.  Accordingly, this Motion should likewise be decided under Washington State law.

No restraining order shall issue except upon the giving of security by the application for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained.  CR 65(c); <u>see also</u> FRCP

MOTION FOR PARTIAL SURRENDER
OF INJUNCTION BOND (2:12-cv-01503-RAJ)   -4-

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89511
(775) 829-1222

87263-0001/LEGAL25245012.2
11/28/12

1  65(c). The security shall be conditioned to pay all damages and costs which may accrue
2  by reason of the restraining order. RCW 7.40.080.

3  As a general rule, attorneys' fees are damages recoverable by the party who
4  successfully resists a wrongful injunction. White v. Wilhelm, 34 Wash. App. 763, 774,
5  665 P.2d 407, 413 (1983) (quoting Parsons Supply, Inc. v. Smith, 22 Wash.App. 520, 524,
6  591 P.2d 821 (1979)). The purpose of this rule is to deter plaintiffs from seeking an
7  unnecessary preliminary injunction or restraining order and consequently permits recovery
8  of those fees incurred in dissolving a wrongfully issued injunction or order. Id. "The test
9  is not whether the injunction was erroneous on its face, but whether it is later determined
10 that the restraint was erroneous in the sense that it would not have been ordered had the
11 court been presented all of the facts." Knappett v. Locke, 92 Wash. 2d 643, 647, 600 P.2d
12 1257, 1259 (1979).

13 Here, the Superior Court required that Overlook Partners post a bond in the
14 amount of $25,000 as a condition to the continuation of the restraint of foreclosure sale.
15 The bond was set at a value "sufficient in amount to ensure payment of 395 Lampe's
16 attorney's fees and costs on [the TRO motion]." See TRO at ¶ 2. [*Dckt* 8-6].

17 Upon review of all of the facts, the Superior Court determined that the TRO was
18 improper because Mr. Kerruish was improperly representing Overlook Partners when he
19 obtained the TRO. See Amended Order Disqualifying Counsel of Record for Overlook
20 Partners, filed August 24, 2012. [*Dckt* 17-5]. As a result, the Superior Court vacated the
21 TRO. Id. 395 Lampe is entitled to recover its attorneys' fees and costs incurred in
22 opposing and vacating the wrongfully issued TRO.

23 395 Lampe incurred $13,038.75 in attorneys' fees in costs in defending the TRO
24 and the subsequent preliminary injunction and in taking action to have the TRO vacated.
25 See Declaration of Austin K. Sweet In Support of Motion for Partial Surrender of
26 Injunction Bond, attached as Exhibit "3;" see also Affidavit of Jody M. McCormick
27 Regarding Attorneys' Fees, attached as Exhibit "4." The Injunction Bond was issued to

28 MOTION FOR PARTIAL SURRENDER                                  GUNDERSON LAW FIRM
   OF INJUNCTION BOND (2:12-cv-01503-RAJ)   -5-                  3895 Warren Way
                                                                 Reno, Nevada  89511
                                                                 (775) 829-1222
87263-0001/LEGAL25245012.2
11/28/12

ensure that 395 Lampe would be able to recover these attorneys' fees and costs. Therefore, the Injunction Bond should be surrendered in the amount of $13,038.75 and the excess should be released to Overlook Partners.

### IV.   CONCLUSION

Overlook Partners wrongfully sought and obtained a TRO restraining 395 Lampe from completing the non-judicial foreclosure sales of the Overlook Lots. 395 Lampe incurred $13,038.75 in opposing the TRO and ensuring that the TRO was properly vacated. Pursuant to Washington law and the express purpose of the Injunction Bond, $13,038.75 should be surrendered to 395 Lampe and the excess of the Injunction Bond should be released to Overlook Partners.

DATED:  November 29, 2012

**PERKINS COIE LLP**

By:   */s/ Brian A. Jennings*
      Alan D. Smith, WSBA No. 24964
      ADSmith@perkinscoie.com
      Brian A. Jennings, WSBA No. 32509
      BJennings@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

And

**GUNDERSON LAW FIRM**
Mark H. Gunderson (*pro hac vice*)
mgunderson@gundersonlaw.com
Austin K. Sweet (*pro hac vice*)
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89511
Telephone: 775.829.1222
Facsimile: 775.829.1226

*Attorneys for 395 Lampe LLC*

MOTION FOR PARTIAL SURRENDER
OF INJUNCTION BOND (2:12-cv-01503-RAJ)      -6-

GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada  89511
(775) 829-1222

87263-0001/LEGAL25245012.2
11/28/12