The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, a Nevada limited liability company,<br><br>        Plaintiff/<br>        Counterclaim Defendant<br><br>v.<br><br>KAWISH, LLC, a Washington limited liability company; and TIMOTHY L. BLIXSETH and JANE DOE BLIXSETH, husband and wife,<br><br>        Defendants/<br>        Counterclaim Plaintiff's/<br>        Third-Party Plaintiffs,<br><br>v.<br><br>WAYNE L. PRIM, an individual residing in Nevada; THE BLACKSTONE CORPORATION, a Washington corporation; PRIM 1988 REVOCABLE TRUST, a private trust; and OVERLOOK PARTNERS, LLC, a Washington limited liability company,<br><br>        Third-Party Defendants. | Case No. 2:12-cv-01503-RAJ<br><br>395 LAMPE'S OPPOSITION TO BLIXSETH'S REQUEST FOR STATUS CONFERENCE AND ALTERNATIVE MOTION FOR ORDER REFERRING THIS MATTER TO THE BANKRUPTCY COURT<br><br>**NOTE ON MOTION CALENDAR:**<br>**FEBRUARY 8, 2013** |

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                    -1-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

Plaintiff / Counterclaim Defendant 395 Lampe, LLC, a Nevada limited liability company ("395 Lampe"), by and through its counsel of record, respectfully submits this Opposition to Defendant and Counterclaim Plaintiff Timothy L. Blixseth's Request for Status Conference and Alternative Motion for Order Referring this Matter to the Bankruptcy Court ("Request") filed by Timothy L. Blixseth, an individual, ("Blixseth"). This Opposition is made and based upon the following Memorandum of Points and Authorities and any oral argument the court may entertain.

At the outset, 395 Lampe notes that Third-Party Defendants Wayne L. Prim, an individual residing in Nevada ("Prim") and the Prim 1988 Revocable Trust, a private trust ("Prim Trust"), have neither been served nor appeared in this matter. While this Opposition may refer to Prim or to the Prim Trust by way of background, nothing in the Opposition should be construed as an appearance or waiver by Prim or the Prim Trust of the required service of process.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Blixseth's Request primarily seeks a status conference to be set in this matter. Blixseth fails to articulate what topics he seeks to address through a status conference, although the substance of his Request suggests a desire to argue 395 Lampe's Motion to Dismiss or Stay. 395 Lampe does not object if this Court desires a status conference to discuss case management, scheduling, or any other administrative issues. However, to the extent that Blixseth is seeking substantive relief, such a request should only be initiated by motion and heard at a scheduled hearing and after full briefing.

Alternatively, Blixseth requests an order from this Court referring this matter to the Bankruptcy Court. Regardless of the procedural abnormalities that brought this matter before this Court, the ultimate issue in this matter should be decided by an Article III court, not an Article I court. Since this matter is already pending in an Article III court, it

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                    -2-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

should remain in an Article III court. The time and resources needed to refer this matter to Bankruptcy Court under LBR 9027, only to have this matter referred back to this Court, pursuant to 28 U.S.C. § 157 and the recent ruling in Bellingham, should be avoided and this matter should not be referred to Bankruptcy Court. Ultimately, this matter should be dismissed or stayed in favor of the litigation pending in the Article III United States District Court, District of Nevada, pursuant to 395 Lampe's Motion to Dismiss or Stay.

## II.     STATEMENT OF FACTS

On or about April 4, 2008, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of ten million dollars ($10,000,000.00) ("Blixseth Note"). The Blixseth Note was due and payable on April 11, 2008. At approximately the same time, Third-Party Defendant Overlook Partners, LLC ("Overlook Partners") executed a Promissory Note in favor of Blixseth in the principal amount of fifteen million dollars ($15,000,000.00) ("Overlook Note").

Blixseth defaulted on the Blixseth Note. In lieu of Blixseth paying the principal balance and interest owing per the Blixseth Note, Blixseth, 395 Lampe, and Overlook Partners entered into a Note Agreement effective as of May 5, 2008 ("Note Agreement"). See Note Agreement (*Docket 21-1*).

As an element of the satisfaction of the Note Agreement, Blixseth assigned the Overlook Note to 395 Lampe and the principal amount of the Overlook Note was reduced to ten million dollars ($10,000,000.00). The Overlook Note is secured by a mortgage recorded against five undeveloped residential lots in the Yellowstone Club in Montana ("Overlook Lots").

As a further element of the satisfaction of the Note Agreement, Blixseth executed a Continuing Guaranty of the Overlook Note ("Overlook Note Guaranty"). See Overlook Note Guaranty (*Docket 21-2*). The Overlook Note Guaranty is secured by 100 Membership Units ("Membership Units") in Western Pacific Timber, LLC, an Oregon

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                         -3-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Fax: (775) 829-1226

limited liability company ("WPT") through a Membership Pledge Agreement and Collateral Assignment ("Pledge Agreement"). <u>See</u> Pledge Agreement (*Docket 21-10*). The Membership Units, which constitute a one-third ownership interest in WPT, were originally owned by Blixseth and subsequently transferred to Blixseth's entity, Desert Ranch, LLLP ("Desert Ranch").

As an additional element of the satisfaction of the Note Agreement, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of five million dollars ($5,000,000.00) ("Blixseth Note II"). <u>See</u> Blixseth Note II (*Docket 21-3*). Blixseth Note II is secured by the WPT Membership Units, through the Pledge Agreement, and half of Blixseth Note II is secured by a first-priority deed of trust recorded against real property owned by Defendant / Counterclaim Plaintiff / Third-Party Plaintiff Kawish, LLC ("Kawish") located in Medina, Washington ("Medina Property").

On or about April 1, 2009, Desert Ranch executed a Promissory Note in favor of Kingsbury Timber, LLC, in the principal amount of thirteen million thirty-five thousand dollars ($13,035,000.00) ("Desert Ranch Note"). The Desert Ranch Note is secured by a mortgage recorded against certain real property owned by WPT. Also on or about April 1, 2009, Blixseth executed a Continuing Guaranty of the Desert Ranch Note ("Desert Ranch Note Guaranty"). Kingsbury Timber, LLC, subsequently assigned the Desert Ranch Note, the Desert Ranch Note Guaranty, and the corresponding security documents to Edgewood Commercial Village, LLC ("ECV").

On or about July 20, 2009, Kawish executed a Promissory Note in favor of 395 Lampe in the principal amount of one million dollars ($1,000,000.00) ("Kawish Note"). <u>See</u> Kawish Note (*Docket 21-4*). The Kawish Note, along with half of Blixseth Note II, is secured by a first-priority deed of trust recorded against the Medina Property. The Kawish Note is also secured by the WPT Membership Units through the Pledge Agreement. Also on or about July 20, 2009, Blixseth executed a Continuing Guaranty of the Kawish Note

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                    -4-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

("Kawish Note Guaranty").  See Kawish Note Guaranty (*Docket 21-5*).

On or about November 13, 2009, Kawish executed a Promissory Note in favor of the Prim Trust in the principal amount of five hundred thousand dollars ($500,000.00) ("Kawish Note II").  See Kawish Note II (*Docket 21-6*).  Kawish Note II is secured by a second-priority deed of trust recorded against the Medina Property.  Also on or about November 13, 2009, Blixseth executed a Continuing Guaranty of Kawish Note II ("Kawish Note II Guaranty").  See Kawish Note II Guaranty (*Docket 21-7*).

On or about January 21, 2010, Kawish executed a second Promissory Note in favor of the Prim Trust in the principal amount of three hundred thousand dollars ($300,000.00) ("Kawish Note III").  See Kawish Note III (*Docket 21-8*).  Kawish Note III is secured by a third-priority deed of trust recorded against the Medina Property.  On or about January 22, 2010, Blixseth executed a Continuing Guaranty of Kawish Note III ("Kawish Note III Guaranty").  See Kawish Note III Guaranty (*Docket 21-9*).

The Overlook Note, the Overlook Note Guaranty, Blixseth Note II, the Desert Ranch Note, the Desert Ranch Note Guaranty, the Kawish Note, the Kawish Note Guaranty, Kawish Note II, the Kawish Note II Guaranty, Kawish Note III, and the Kawish Note III Guaranty are all in default.  As a result, 395 Lampe, the Prim Trust, and ECV have initiated litigation to collect these debts and foreclose on available collateral.

Blixseth, Kawish, and Desert Ranch have asserted the global defense that Blixseth and Prim entered into an oral modification of the Note Agreement, the Pledge Agreement, the Overlook Note, the Overlook Note Guaranty, Blixseth Note II, the Desert Ranch Note, the Desert Ranch Note Guaranty, the Kawish Note, the Kawish Note Guaranty, Kawish Note II, the Kawish Note II Guaranty, Kawish Note III, the Kawish Note III Guaranty, and all related security agreements, deeds of trust, mortgages, loan agreements, assignments, and other written agreements ("Alleged Oral Modification").  To summarize, Blixseth, Kawish, and Desert Ranch assert that, pursuant to the Alleged Oral Modification, Prim,

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                    -5-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

395 Lampe, the Prim Trust, and ECV, agreed to waive their rights under the various written contracts and to waive their security interests in the Medina Property, the Overlook Lots, and the WPT Membership Units, and instead to "look to [Blixseth's] share of the proceeds of sale of WPT assets to satisfy these obligations." See Request at Appendix 3, Exhibit 1, ¶ 5.  Blixseth and Kawish go on to allege that, pursuant to the Alleged Oral Modification, 395 Lampe has accepted the WPT Membership Units in satisfaction of all debt owed by Blixseth, Kawish, and Desert Ranch, and that Prim, 395 Lampe, and the Prim Trust are actually liable to Blixseth and Kawish in an amount estimated to exceed $25,000,000.00 for various misdeeds related to their debt collection efforts.  See Defendants' Amended Answer, Affirmative Defenses and Counterclaim and Third-Party Complaint at ¶¶ 3.22 – 3.38 (*Docket 9-4*).

In addition to the claims and allegations filed against 395 Lampe, Prim, and the Prim Trust, Blixseth and Kawish have filed claims against Overlook Partners for contribution and dissolution.  Id. at ¶¶ 3.39 – 3.42.

## III. ARGUMENT

### A. 395 Lampe Does Not Object Should this Court Desire a Status Conference.

As discussed above, 395 Lampe has no objection to this Court setting a status conference if it deems necessary to discuss case management, scheduling, or any other administrative issues pursuant to FRCP 16 or LCR 16.  However, to the extent that Blixseth's Request seeks oral argument on 395 Lampe's Motion to Dismiss or Stay, or otherwise seeks affirmative relief from this Court, such argument should only be entertained at a properly noticed hearing after a motion is filed and fully briefed.

### B. This Matter Should Remain in an Article III Court.

395 Lampe does not dispute that LBR 9027-1(a) requires a notice of removal filed pursuant to Fed. R. Bankr. P. 9027 to be filed with the clerk of the Bankruptcy Court.  395 Lampe likewise does not dispute that, had Kawish filed its Notice of Removal with the

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                -6-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

Bankruptcy Court, such a procedure would have been proper. However, the vast majority of issues in this matter are indisputably non-core, and the small portion that is arguably core ultimately belong in an Article III court pursuant to Stern v. Marshall and In re Bellingham Ins. Agency, Inc. As this case is currently pending in an Article III court, it should remain in an Article III court. To the extent this Court deems necessary, it should exercise its right to withdraw the reference *sua sponte* pursuant to 28 U.S.C. 157(d).

> 1. *Only a small portion of this matter is arguably core to Kawish's bankruptcy.*

In his Request, Blixseth asserts that this case is "clearly the kind of case in which the Bankruptcy Court can enter final Orders" because "[r]esolution of the issues of whether the debt owed to [395] Lampe has been extinguished" is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Request at 5:22-26. However, this matter almost entirely consists of issues and allegations which are wholly unrelated to the "determination of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K).

In their Amended Answer, Affirmative Defenses and Counterclaim and Third-Party Complaint ("Amended Answer"), Blixseth and Kawish assert nine (9) claims for relief. The First Cause of Action – Declaratory Relief, seeks a judicial determination as to the value of the WPT Membership Units, that any debt evidenced by the Overlook Note, the Blixseth II Note, and the Kawish Note has been extinguished, that 395 Lampe failed to comply with Article 9 of the UCC in the disposition of the WPT Membership Units, that 395 Lampe and the Prim Trust can be ignored to attach liability to Prim individually for manifest injustice against Blixseth, and that Blixseth is entitled to set off against any other obligations owed to Prim or any entity owned or controlled by Prim. Amended Answer at ¶¶ 3.22 – 3.26 (*Docket 9-4*). The only portion of the First Cause of Action which arguably falls within the definition of a core proceeding under 28 U.S.C. § 157(b)(2)(K) is Kawish's request for a judicial declaration that the Kawish Note and Blixseth Note II have

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                -7-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Fax: (775) 829-1226

1  been satisfied.  All other issues are indisputably non-core.

2  The Second Cause of Action in the Amended Answer seeks damages against 395
3  Lampe for its alleged non-compliance with Article 9 of the UCC.  Amended Answer at ¶¶
4  3.27 – 3.28 (*Docket 9-4*).  This claim does not involve a "determination of the validity,
5  extent, or priority of liens."  28 U.S.C. § 157(b)(2)(K).

6  The Third Cause of Action in the Amended Answer seeks damages against Prim
7  and in favor of Blixseth in an amount exceeding $25,000,000.00 under the theory of
8  promissory estoppel.  Amended Answer at ¶¶ 3.29 – 3.30 (*Docket 9-4*).  This claim does
9  not involve a "determination of the validity, extent, or priority of liens" and is non-core.
10  28 U.S.C. § 157(b)(2)(K).

11  The Fourth Cause of Action in the Amended Answer seeks damages against Prim
12  and in favor of Blixseth in an amount exceeding $25,000,000.00 under the theory of
13  intentional misrepresentation.  Amended Answer at ¶¶ 3.31 – 3.32 (*Docket 9-4*).  This
14  claim does not involve a "determination of the validity, extent, or priority of liens" and is
15  non-core.  28 U.S.C. § 157(b)(2)(K).

16  The Fifth Cause of Action in the Amended Answer seeks damages against 395
17  Lampe in an amount exceeding $25,000,000.00 under the theory of breach of the implied
18  covenant of good faith and fair dealing contained in the Pledge Agreement.  Amended
19  Answer at ¶¶ 3.33 – 3.34 (*Docket 9-4*).  This claim does not involve a "determination of
20  the validity, extent, or priority of liens" and is non-core.  28 U.S.C. § 157(b)(2)(K).

21  The Sixth Cause of Action in the Amended Answer claims unjust enrichment by
22  395 Lampe and Prim at the expense of Blixseth in the amount that the value of the WPT
23  Membership Units exceeds the amount of debt.  Amended Answer at ¶¶ 3.35 – 3.36
24  (*Docket 9-4*).  This claim does not involve a "determination of the validity, extent, or
25  priority of liens" and is non-core.  28 U.S.C. § 157(b)(2)(K).

26  ///

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                -8-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

The Seventh Cause of Action in the Amended Answer seeks injunctive relief against 395 Lampe, the Prim Trust, and Third-Party Defendant The Blackstone Corporation to enjoin them from taking any action with respect to the Medina Property. Amended Answer at ¶¶ 3.37 – 3.38 (*Docket 9-4*). This claim was rendered moot by Kawish's bankruptcy and does not involve a "determination of the validity, extent, or priority of liens" and is non-core. 28 U.S.C. § 157(b)(2)(K).

The Eighth Cause of Action in the Amended Answer seeks contribution against Overlook Partners in favor of Blixseth in an amount equal to 50% of the total debt owed under the Overlook Note. Amended Answer at ¶¶ 3.39 – 3.40 (*Docket 9-4*). This claim does not involve a "determination of the validity, extent, or priority of liens" and is non-core. 28 U.S.C. § 157(b)(2)(K).

The Ninth Cause of Action in the Amended Answer seeks judicial dissolution of Overlook Partners. Amended Answer at ¶¶ 3.41 – 3.42 (*Docket 9-4*). This claim does not involve a "determination of the validity, extent, or priority of liens" and is non-core. 28 U.S.C. § 157(b)(2)(K).

Accordingly, only one portion of one of the nine (9) claims contained in the Amended Answer is even arguably a core proceeding under 28 U.S.C. § 157(b)(2)(K). The remaining issues are indisputably non-core and are not subject to final adjudication by the Bankruptcy Court. 28 U.S.C. § 157(c). 395 Lampe does not consent to the bankruptcy judge entering any final orders in this regard.

> 2. *The only arguably core issue is not subject to final adjudication by an Article I court.*

The Ninth Circuit's recent decision of In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012) applies directly to this matter. In Bellingham, the Ninth Circuit held that an Article I bankruptcy court may only adjudicate a claim against a noncreditor that necessarily had to be resolved in the course of the claims-allowance process.

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION                -9-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Fax: (775) 829-1226

Bellingham, 702 F.3d at 564 – 565.  "The question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  Id. (quoting Stern v. Marshall, 131 S.Ct. 2594, 2618 (2011)).  Claims against noncreditors that need not necessarily have been resolved in the course of allowing or disallowing a creditor's claim, even if deemed to be "core" under 28 U.S.C. § 157, belong in an Article III court.  Id.  In such cases, the bankruptcy courts maintain only the discretionary power to "hear and determine" and to submit reports and recommendations to the district court.  Id. at 565.

As discussed above, the only issue in this matter which may arguably fall within the definition of a core proceeding under 28 U.S.C. § 157(b)(2)(K) is Kawish's request for a judicial declaration that the Kawish Note and Blixseth Note II have been satisfied.  The basis of Kawish's assertion is the Alleged Oral Modification, pursuant to which Prim, 395 Lampe, the Prim Trust, and ECV allegedly orally waived their rights and collateral under all written contracts and instead agreed to "look to [Blixseth's] share of the proceeds of sale of WPT assets to satisfy these obligations."  See Request at Appendix 3, Exhibit 1, ¶ 5.

Resolution of these claims requires an adjudication of the legal rights and obligations of all parties to the written contracts and the Alleged Oral Modification, including 395 Lampe, the Prim Trust, Prim, ECV, Blixseth, Kawish, and Desert Ranch.  Prim, ECV, and Desert Ranch are noncreditors in Kawish's bankruptcy proceeding.  Furthermore, whether the Desert Ranch Note, the Desert Ranch Note Guaranty, the Overlook Note, and the Overlook Note Guaranty have been satisfied need not necessarily be resolved in the course of allowing or disallowing a creditor's claim.  Bellingham, 702 F.3d at 564 – 565.  These issues involve claims against noncreditors that need not necessarily have been resolved in the course of allowing or disallowing a creditor's claim; thus, only an Article III court may enter final judgment, regardless of whether these

OPPOSITION TO BLIXSETH'S REQUEST FOR STATUS CONFERENCE AND ALTERNATIVE MOTION    -10- Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

proceedings are core.

For these reasons, under 28 U.S.C. § 157(c), Bellingham, and Stern v. Marshall, the Article I bankruptcy court cannot enter final judgment on any of the issues in this case, even if some of them are deemed to be core proceedings. Accordingly, this matter should not be referred to the Bankruptcy Court. To the extent that this Court deems necessary, it should withdraw its reference *sua sponte* pursuant to 28 U.S.C. 157(d). Bypassing the need to unnecessarily expend time and resources in referring this case to the Bankruptcy Court only to have it withdrawn back promotes judicial economy.

## IV. CONCLUSION

Blixseth's Request primarily seeks a status conference to be set in this matter. 395 Lampe does not object if this Court desires a status conference to discuss case management, scheduling, or any other administrative issues. However, to the extent that Blixseth is seeking substantive relief, such a request should only be heard at a scheduled hearing and after full briefing.

Blixseth alternatively requests an order from this Court referring this matter to the Bankruptcy Court. Regardless of the procedural abnormalities that brought this matter before this Court, the ultimate issue in this matter should be decided by an Article III court, not an Article I court. All claims pending in this matter are either non-core and/or involve claims against noncreditors that need not necessarily have been resolved in the course of allowing or disallowing a creditor's claim, falling directly within the recent ruling in Bellingham. In the interest of judicial economy, this Court should decline to refer this matter to the Bankruptcy Court or *sua sponte* withdraw any reference to the Bankruptcy Court.

///

///

///

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION        -11-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

1  Ultimately, this matter should be dismissed or stayed in favor of the litigation
2  pending in the Article III United States District Court, District of Nevada, pursuant to 395
3  Lampe's Motion to Dismiss or Stay.

4  DATED:  February 4, 2013            **GUNDERSON LAW FIRM**

   */s/ Mark H. Gunderson*
   Mark H. Gunderson (*admitted pro hac vice*)
   mgunderson@gundersonlaw.com
   Austin K. Sweet (*admitted pro hac vice*)
   asweet@gundersonlaw.com
   3895 Warren Way
   Reno, Nevada 89511
   Telephone: 775.829.1222
   Facsimile: 775.829.1226
   *and*
   **PERKINS COIE LLP**
   Alan D. Smith, WSBA No. 24964
   ADSmith@perkinscoie.com
   Brian A. Jennings, WSBA No. 32509
   BJennings@perkinscoie.com
   1201 Third Avenue, Suite 4900
   Seattle, WA  98101-3099
   Telephone:  206.359.8000
   Facsimile:  206.359.9000

   *Attorneys for 395 Lampe, LLC*

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION         -12-
Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States of America, I am over the age of twenty-one years, am not a party to this action, and am competent to be a witness herein.

Pursuant to Fed. R. Civ. P. 5(b) and RCW 9A.72.085, I hereby certify that on the 4 day of February, 2013, I electronically filed the foregoing document, 395 LAMPE'S OPPOSITION TO BLIXSETH'S REQUEST FOR STATUS CONFERENCE AND ALTERNATIVE MOTION FOR ORDER REFERRING THIS MATTER TO THE BANKRUPTCY COURT, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Paul Edward Brain**   pbrain@paulbrainlaw.com, jdavenport@paulbrainlaw.com

**Thomas Scott Linde** tomlinde@schweetlaw.com, maureenf@schweetlaw.com

**Jody M McCormick** jmm@witherspoonkelley.com, katel@witherspoonkelley.com

**Brian A Jennings** bjennings@perkinscoie.com, DocketSEA@PerkinsCoie.com, mlmaag@perkinscoie.com, wzilka@perkinscoie.com

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

*[None]*

DATED this 4 day of February, 2013, at Reno, Nevada.

_____
Kelly Gunderson

OPPOSITION TO BLIXSETH'S REQUEST
FOR STATUS CONFERENCE AND
ALTERNATIVE MOTION   -13-
Case No. 2:12-cv-01503-RAJ

Gunderson Law Firm
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Fax: (775) 829-1226