THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, a Nevada limited liability company; PRIM 1988 REVOCABLE TRUST; and EDGEWOOD COMMERCIAL VILLAGE, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> KAWISH, LLC, a Washington limited liability company; TIMOTHY L. BLIXSETH and JESSICA BLIXSETH, husband and wife; DESERT RANCH, LLLP, a Nevada limited liability limited partnership; DOES 1 through 10; and DOE CORPORATIONS 1 through 10, <br><br> Defendants. | No. 2:12-cv-01503-RAJ <br><br> FIRST AMENDED COMPLAINT |

Plaintiffs 395 LAMPE, LLC, a Nevada limited liability company ("395 Lampe"), PRIM 1988 REVOCABLE TRUST ("Prim Trust"), and EDGEWOOD COMMERCIAL VILLAGE, LLC, a Nevada limited liability company ("ECV"), by and through their counsel of record, Mark H. Gunderson, Esq. and Austin K. Sweet, Esq., allege and complain as follows:

**JURISDICTIONAL ALLEGATIONS**

1.      395 Lampe is, and at all relevant times was, a Nevada limited liability company, and is authorized to bring this action.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 1

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

2. The Prim Trust is, and at all relevant times was, a revocable trust organized under the laws of the State of Nevada, and is authorized to bring this action.

3. ECV is, and at all relevant times was, a Nevada limited liability company, and is authorized to bring this action.

4. Defendant KAWISH, LLC ("Kawish"), is, and at all relevant times was, a Washington limited liability company.

5. Defendants TIMOTHY L. BLIXSETH ("Blixseth") and JESSICA BLIXSETH ("Jessica Blixseth"), husband and wife, are residents of King County, Washington.

6. Defendant DESERT RANCH, LLLP, ("Desert Ranch") is, and at all relevant times was, a Nevada limited liability limited partnership.

7. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 through 10 and DOE CORPORATIONS 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged, and that their damages were proximately caused by their conduct. Plaintiffs will amend this First Amended Complaint to allege their true names and capacities when ascertained.

8. All parties have stipulated to venue and jurisdiction in this court.

## FACTUAL ALLEGATIONS

9. On or about February 9, 1995, Blixseth formed Western Pacific Timber, LLC, an Oregon limited liability company ("WPT") as a single member limited liability company.

10. On or about January 1, 2006, WPT reorganized with three members, each holding an equal one-third interest in WPT. The three members were Blixseth, Kingsbury Timber, LLC, a Nevada limited liability company ("Kingsbury Timber"), and Voyager Group, LP, a Montana limited partnership ("Voyager Group").

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 2

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Fax: (775) 829-1226

11.     At approximately the same time, Blixseth, Kingsbury Timber, and Voyager Group executed WPT's Restated and Revised Operating Agreement ("WPT Operating Agreement").

12.     Wayne L. Prim ("Prim") is, and at all relevant times was, the principal of 395 Lampe and Kingsbury Timber.

13.     James J. Dolan ("Dolan") is, and at all relevant times was, the principal of Voyager Group.

14.     Over the course of several years, Blixseth, Kawish, and Desert Ranch became indebted to 395 Lampe, the Prim Trust, and ECV by and through various transactions.

15.     On or about April 4, 2008, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of ten million dollars ($10,000,000.00) ("Blixseth Note").  The Blixseth Note was due and payable on April 11, 2008.

16.     At approximately the same time, Overlook Partners, LLC, a Washington limited liability company ("Overlook Partners"), executed a Promissory Note in favor of Blixseth in the principal amount of fifteen million dollars ($15,000,000.00) ("Overlook Note").

17.     A true and correct copy of the Overlook Note is attached as Exhibit "1."

18.     Blixseth was an owner and key principal of Overlook Partners.

19.     Blixseth defaulted on the Blixseth Note.  In lieu of Blixseth paying the principal balance and interest owing per the Blixseth Note, Blixseth, 395 Lampe, and Overlook Partners entered into a Note Agreement effective as of May 5, 2008 ("Note Agreement").

20.     A true and correct copy of the Note Agreement is attached as Exhibit "2."

21.     As an element of the satisfaction of the Note Agreement, Blixseth assigned the Overlook Note to 395 Lampe and the principal amount of the Overlook Note was reduced to ten million dollars ($10,000,000.00).

22.     The Overlook Note has an interest rate of eight percent (8%) and a maturity date of April 4, 2011.  Pursuant to the Overlook Note, a five percent (5%) liquidated damages charge

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 3

is due for any amount not paid within ten (10) days of the date due, and an additional five percent (5%) annual charge is added for any amount past due.

23.     As an additional element of the satisfaction of the Note Agreement, Blixseth executed a Continuing Guaranty of the Overlook Note ("Overlook Note Guaranty").

24.     A true and correct copy of the Overlook Note Guaranty is attached as Exhibit "3."

25.     Pursuant to the Overlook Note Guaranty, Blixseth guaranteed punctual payment of the Overlook Note, including principal, interest, additional interest, penalties, fees, and expenses.  Blixseth also agreed to pay any and all costs and expenses, including attorneys' fees, incurred by 395 Lampe in enforcing any rights or remedies under the Overlook Note or the Overlook Note Guaranty.

26.     As an additional element of the satisfaction of the Note Agreement, Blixseth executed a Promissory Note in favor of 395 Lampe in the principal amount of five million dollars ($5,000,000.00) ("Blixseth Note II").

27.     A true and correct copy of Blixseth Note II is attached as Exhibit "4."

28.     As an additional element of the satisfaction of the Note Agreement, Blixseth executed a Membership Pledge Agreement and Collateral Assignment ("MPA"), pledging his entire one-third membership interest in WPT as security for all indebtedness Blixseth owed to 395 Lampe, including but not limited to Blixseth Note II and the Overlook Note Guaranty.

29.     A true and correct copy of the MPA is attached as Exhibit "5."

30.     At the time that the MPA was entered into, Blixseth's one-third interest in WPT was held as WPT Unit Certificate No. 3 for 100 Units ("WPT Membership Units").

31.     Pursuant to the MPA, in the event of default on the indebtedness it secured, Blixseth expressly authorized 395 Lampe to present the WPT Membership Units for transfer into 395 Lampe's name, and Blixseth appointed 395 Lampe as his attorney-in-fact for such transfer without inquiry as to whether or not 395 Lampe is entitled to transfer the WPT Membership Units.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 4

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

32.     Section 11 of the WPT Operating Agreement restricts the members' ability to transfer their membership interests.  Generally, a member may only transfer any portion of its interest in WPT upon the prior written consent of all other members.

33.     Pursuant to § 11 of the WPT Operating Agreement, Blixseth, Kingsbury Timber, and Voyager Group executed Consent Minutes of the Members of WPT Dated Effective April 4, 2008, acknowledging the MPA and the possibility of a transfer of the WPT Membership Units pursuant to the MPA.  The members acknowledged that if the WPT Membership Units were transferred pursuant to the MPA, than a new individual or entity would become a full member of WPT.  The members also expressly waived any objection and granted written pre-approval for Prim or his son, Wayne L. Prim, Jr., or any entity or trust controlled by either of them, to become a full member of WPT should they acquire the WPT Membership Units pursuant to the MPA.

34.     On or about April 1, 2009, Blixseth desired to transfer the WPT Membership Units to his entity, Desert Ranch.

35.     Accordingly, on or about April 1, 2009, Kingsbury Timber, 395 Lampe, and Desert Ranch entered into an Acknowledgment and Amendment of Membership Pledge Agreement, substituting Desert Ranch into the MPA in place of Blixseth.  Desert Ranch expressly agreed to accept the assignment by Blixseth of Blixseth's membership interests in WPT, subject to the MPA, and agreed to be bound by all terms of the MPA.

36.     At approximately the same time, Blixseth, Kingsbury Timber, and Voyager Group entered into Consent Minutes of WPT, consenting to allow Blixseth to transfer the WPT Membership Units to Desert Ranch.

37.     Also at approximately the same time, Desert Ranch, Kingsbury Timber, and Voyager Group executed the Second Amendment of the WPT Operating Agreement, substituting Desert Ranch in place of Blixseth as a member of WPT throughout the WPT Operating Agreement.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 5

38.     Also on or about April 1, 2009, Desert Ranch executed a Promissory Note in favor of Kingsbury Timber in the principal amount of thirteen million thirty-five thousand dollars ($13,035,000.00) ("Desert Ranch Note").

39.     A true and correct copy of the Desert Ranch Note is attached as Exhibit "6."

40.     The Desert Ranch Note has an interest rate of two and four hundred seventy-six one-thousandths percent (2.476%).  The Desert Ranch Note has a maturity date of April 3, 2010, with the conditional option to defer payment of nine million dollars ($9,000,000.00) for a period of up to six (6) months at an interest rate of ten percent (10%).  This conditional option was not exercised.

41.     Pursuant to the Desert Ranch Note, an additional five percent (5%) annual charge is added for any amount past due, with a fifteen percent (15%) default rate on any deferred principal.

42.     Blixseth is, and at all relevant times was, a key principal and approximately 98% limited partner of Desert Ranch.  Blixseth also is, and at all relevant times was, the manager of Desert Ranch's general partner, Desert Ranch Management, LLC.

43.     Also on or about April 1, 2009, Blixseth executed a Continuing Guaranty of the Desert Ranch Note ("Desert Ranch Note Guaranty").

44.     A true and correct copy of the Desert Ranch Note Guaranty is attached as Exhibit "7."

45.     Pursuant to the Desert Ranch Note Guaranty, Blixseth guaranteed punctual payment of the Desert Ranch Note, including principal, interest, additional interest, penalties, fees, and expenses.  Blixseth also agreed to pay any and all costs and expenses, including attorneys' fees, incurred by Kingsbury Timber in enforcing any rights or remedies under the Desert Ranch Note or the Desert Ranch Note Guaranty.

46.     On or about July 20, 2009, 395 Lampe, Kawish, Desert Ranch, Blixseth, and others entered into a Loan Agreement ("Kawish Loan Agreement") outlining under what terms

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 6

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

and conditions 395 Lampe would loan funds under the Kawish Note (as defined below) and provide financial accommodations under Blixseth Note II.

47.     A true and correct copy of the Kawish Loan Agreement is attached as Exhibit "8."

48.     Also on or about July 20, 2009, and pursuant to the Kawish Loan Agreement, Kawish executed a Promissory Note in favor of 395 Lampe in the principal amount of one million dollars ($1,000,000.00) ("Kawish Note").

49.     A true and correct copy of the Kawish Note is attached as Exhibit "9."

50.     The Kawish Note has an interest rate of fifteen percent (15%) and a maturity date of July 20, 2010.  Pursuant to the Kawish Note, an additional six percent (6%) annual charge is added for any amount past due.

51.     Blixseth, through Desert Ranch, is, and at all relevant times was, a key principal and majority owner of Kawish.

52.     Also on or about July 20, 2009, Blixseth executed a Continuing Guaranty of the Kawish Note ("Kawish Note Guaranty").

53.     A true and correct copy of the Kawish Note Guaranty is attached as Exhibit "10."

54.     Pursuant to the Kawish Note Guaranty, Blixseth guaranteed punctual payment of the Kawish Note, including principal, interest, additional interest, penalties, fees, and expenses. Blixseth also agreed to pay any and all costs and expenses, including attorneys' fees, incurred by 395 Lampe in enforcing any rights or remedies under the Kawish Note or the Kawish Note Guaranty.

55.     Also on or about July 20, 2009, Blixseth and 395 Lampe executed the Second Amendment to the MPA, expressly adding the Kawish Note to the indebtedness secured by the WPT Membership Units and otherwise reaffirming the terms and conditions of the MPA.

56.     Also on or about July 20, 2009, for valuable consideration and in order to secure the repayment of the Kawish Note and $2,500,000.00 of principal of Blixseth Note II, Kawish made, executed, and delivered to 395 Lampe a written Deed of Trust ("Kawish Deed of Trust")

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 7

covering the real and personal property situated in King County, Washington, commonly referred to as 1605 73rd Ave NE, Medina, Washington, 98004 and as King County Assessor Parcel Number 920890-0157 and more fully described in the Kawish Deed of Trust ("Property").

57.     A true and correct copy of the Kawish Deed of Trust is attached as Exhibit "11."

58.     The Kawish Deed of Trust was recorded on July 21, 2009, under King County Auditor's File No. 20090721001716.

59.     Kawish is the fee owner of the Property and Grantor under the Kawish Deed of Trust.  Kawish executed one of the obligations secured by the Deed of Trust.  Kawish has or claims some right, title and/or interest in and to the Property, but such right, title, and/or interest is subordinate, inferior and subject to the lien and claim of 395 Lampe set forth below.

60.     Blixseth executed one of the obligations secured by the Kawish Deed of Trust. Blixseth has or claims some right, title, and/or interest in and to the Property.

61.     Jessica Blixseth has or claims some right, title, and/or interest in and to the Property.

62.     Blixseth's and/or Jessica Blixseth's right, title, and/or interest in and to the Property, if any, is subordinate, inferior and subject to the lien and claim of 395 Lampe set forth below.

63.     On or about November 13, 2009, Kawish executed a Promissory Note in favor of the Prim Trust in the principal amount of five hundred thousand dollars ($500,000.00) ("Kawish Note II").

64.     A true and correct copy of Kawish Note II is attached as Exhibit "12."

65.     Kawish Note II has an interest rate of fifteen percent (15%) and a maturity date of July 20, 2010.  Pursuant to Kawish Note II, an additional six percent (6%) annual charge is added for any amount past due.

66.     Also on or about November 13, 2009, Blixseth executed a Continuing Guaranty of Kawish Note II ("Kawish Note II Guaranty").

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 8

67. A true and correct copy of Kawish Note II Guaranty is attached as Exhibit "13."

68. Pursuant to the Kawish Note II Guaranty, Blixseth guaranteed punctual payment of Kawish Note II, including principal, interest, additional interest, penalties, fees, and expenses. Blixseth also agreed to pay any and all costs and expenses, including attorneys' fees, incurred by the Prim Trust in enforcing any rights or remedies under Kawish Note II or the Kawish Note II Guaranty.

69. On or about December 31, 2009, Kingsbury Timber assigned all rights and interest in the Desert Ranch Note and the Desert Ranch Note Guaranty to ECV.  The Desert Ranch Note Guaranty explicitly inures to the benefit of and is enforceable by ECV as Kingsbury Timber's successor, transferee, and/or assign

70. On or about January 21, 2010, Kawish executed a second Promissory Note in favor of the Prim Trust in the principal amount of three hundred thousand dollars ($300,000.00) ("Kawish Note III").

71. A true and correct copy of Kawish Note III is attached as Exhibit "14."

72. Kawish Note III has an interest rate of fifteen percent (15%) and a maturity date of July 20, 2010.  Pursuant to Kawish Note III, an additional six percent (6%) annual charge is added for any amount past due.

73. On or about January 22, 2010, Blixseth executed a Continuing Guaranty of Kawish Note III ("Kawish Note III Guaranty").

74. A true and correct copy of Kawish Note III Guaranty is attached as Exhibit "15."

75. Pursuant to the Kawish Note III Guaranty, Blixseth guaranteed punctual payment of Kawish Note III, including principal, interest, additional interest, penalties, fees, and expenses.  Blixseth also agreed to pay any and all costs and expenses, including attorneys' fees, incurred by the Prim Trust in enforcing any rights or remedies under Kawish Note III or the Kawish Note III Guaranty.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 9

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

76.     Despite repeated requests, Desert Ranch has failed to make the payments required under the Desert Ranch Note.

77.     Despite repeated requests, Kawish has failed to make the payments required under the Kawish Note, Kawish Note II, and Kawish Note III.

78.     Despite repeated requests, Blixseth has failed to make the payments required under Blixseth Note II, The Overlook Note Guaranty, the Desert Ranch Note Guaranty, the Kawish Note Guaranty, the Kawish Note II Guaranty, and the Kawish Note III Guaranty.

79.     The Overlook Note, Blixseth Note II, the Desert Ranch Note, the Kawish Note, Kawish Note II, and Kawish Note III (collectively, the "Various Promissory Notes") are each in default.

80.     The Overlook Note Guaranty, the Desert Ranch Note Guaranty, the Kawish Note Guaranty, the Kawish Note II Guaranty, and the Kawish Note III Guaranty (collectively, the "Various Personal Guaranties") are each in default.

81.     As of the date of this First Amended Complaint, the total amount due under the Various Promissory Notes and the Various Personal Guaranties, including interest, default interest, costs, and attorneys' fees, is approximately forty-five million dollars ($45,000,000.00).

82.     The entire outstanding balance of the Various Promissory Notes is immediately due and payable.

83.     The entire outstanding balance of the Various Personal Guaranties is immediately due and payable.

84.     Demand was made that Blixseth, Kawish, and Desert Ranch cure the default under the Various Promissory Notes and the Various Personal Guaranties, but Blixseth, Kawish, and Desert Ranch have failed to do so.

85.     Accordingly, on or about April 3, 2012, 395 Lampe exercised its rights under the MPA and transferred the WPT Membership Units into its name.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 10

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

86.     395 Lampe, as attorney-in-fact for Blixseth and Desert Ranch, executed a Transfer of 100 Membership Units in WPT, transferring the WPT Membership Units into 395 Lampe's name.  395 Lampe, as attorney-in-fact for Blixseth and Desert Ranch, also endorsed WPT Unit Certificate No. 3 to 395 Lampe.

87.     395 Lampe is now the owner of record of the WPT Membership Units.

88.     WPT is a closely held timber company with an undetermined value.

89.     The principal members of WPT are highly sophisticated businessmen and are very selective about with whom they do business.

90.     As discussed above, the WPT Membership Units constitute a minority, one-third interest in WPT.

91.     Due to the unique factors described above, there is no standard "commercially reasonable" procedure for disposing of the WPT Membership Units.

92.     The WPT Membership Units must be disposed of or the value of the WPT Membership Units must be ascertained in order to determine the amount by which the security partially satisfies the indebtedness secured by the WPT Membership Units.

93.     A genuine dispute exists between the parties as to the value of the WPT Membership Units.  Accordingly, 395 Lampe seeks a judicial determination of a commercially reasonable procedure for the disposition of the WPT Membership Units and/or a judicial determination of value of the WPT Membership Units.

94.     As a result of these actions, as described above, 395 Lampe, the Prim Trust, and ECV have been forced to retain counsel to pursue the claims listed below.

### FIRST CLAIM FOR RELIEF
**(Judicial Foreclosure  – 395 Lampe against Kawish, Blixseth, and Jessica Blixseth)**

95.     Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

96.     395 Lampe is the owner and holder of the Kawish Note and the Kawish Deed of Trust.

97.     Kawish failed to pay the Kawish Note on July 20, 2010, the maturity date of the Kawish Note.  Blixseth failed to pay Blixseth Note II on May 5, 2009, the maturity date of Blixseth Note II.  Additionally, further sums are due, default interest and costs and accrued attorneys' fees.  As additional events of default, upon information and belief the 2010 and 2011 surface water management taxes for the Property are delinquent.

98.     As of March 15, 2013, the principal amount of $1,000,000.00 plus interest in the amount of $707,506.85, with interest accruing at $575.34 each day thereafter, is due and owing on the Kawish Note.

99.     As of March 15, 2013, the principal amount of $5,000,000.00 plus interest in the amount of $4,076,712.33, with interest accruing at $2,465.75 each day thereafter, is due and owning on Blixseth Note II.

100.    The entire balance of the Kawish Note is secured by the Kawish Deed of Trust. $2,500,000.00 of the principal outstanding on Blixseth Note II is secured by the Kawish Deed of Trust.  395 Lampe has also incurred legal expenses as a result of Kawish's and Blixseth's defaults.

101.    Based upon the above-described defaults and upon RCW 61.12.010, *et seq.*, 395 Lampe, through the King County Sheriff, is entitled to sell the Property at foreclosure sale and to apply the proceeds thereof to the indebtedness owning to 395 Lampe.

102.    The terms of the Loan Agreement (at ¶ 10),, the Kawish Note (at ¶ 6), Blixseth Note II (at ¶ 5), and the Kawish Deed of Trust (at ¶ 25) provide that, in the event of an action to collect the Kawish Note or Blixseth Note II or to foreclose the Kawish Deed of Trust, there shall be included in the judgment a reasonable sum for attorneys' fees, together with costs of title search and costs of action, including, but not limited to, such other sums advanced under the terms of the Kawish Note, Blixseth Note II, and the Kawish Deed of Trust for taxes,

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 12

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

assessments, municipal charges and other items which may constitute liens upon the Property, together with insurance and repairs necessary to prevent impairment of the security. A reasonable attorneys' fee in this action if not contested is $5,000.00, and more if this action is contested.

103.   In the event of foreclosure and sale of the Property, the purchaser at such sale is entitled to immediate possession of the Property.

## SECOND CLAIM FOR RELIEF
### (Deficiency Judgment After Sale – 395 Lampe against Blixseth and Kawish)

104.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

105.   A deficiency judgment should be entered in favor of 395 Lampe in an amount equal to the sum of $2,500,000.00 of the principal balance on Blixseth Note II *plus* the entire balance then due on the Kawish Note *less* the amount realized by 395 Lampe at Sheriff's Sale. Kawish is liabile for any judgment and/or deficiency judgment entered on the Kawish Note. Blixseth is liable for any judgment and/or deficiency judgment entered on $2,500,000.00 of the principal balance on Blixseth Note II.

106.   A judgment should be entered in favor of 395 Lampe for an amount equal to the difference between the entire balance then due on the Blixseth Note *less* $2,500,000.00. Blixseth is liable for any judgment entered on Blixseth Note II.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief – 395 Lampe against Blixseth and Desert Ranch)

107.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

108.   WPT is a closely held company that is owned and operated by highly sophisticated businessmen.

109.   The WPT Membership Units constitute a minority one-third interest in WPT.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 13

110.   The WPT Membership Units are valuable and unique, making the marketing and public sale of the WPT Membership Units difficult.

111.   A genuine dispute exists between the parties concerning the value of the WPT Membership Units and/or the proper procedure for a commercially reasonable disposition of the WPT Membership Units.

112.   395 Lampe is entitled to a judicial determination of a commercially reasonable procedure for disposition of the WPT Membership Units or a judicial determination of the value of the WPT Membership Units.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Contract – 395 Lampe against Blixseth)**

113.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

114.   The Overlook Note Guaranty constitutes a binding legal contract.

115.   395 Lampe has fulfilled all of its obligations pursuant to the Overlook Note and the Overlook Note Guaranty and is entitled to full performance from Blixseth.

116.   The Overlook Note is in default.

117.   Blixseth is in breach of the Overlook Note Guaranty by failing to make full and timely payments to 395 Lampe in accordance with the Overlook Note Guaranty.

118.   The Kawish Note Guaranty constitutes a binding legal contract.

119.   395 Lampe has fulfilled all of its obligations pursuant to the Kawish Note and the Kawish Note Guaranty and is entitled to full performance from Blixseth.

120.   The Kawish Note is in default.

121.   Blixseth is in breach of the Kawish Note Guaranty by failing to make full and timely payments to 395 Lampe in accordance with the Kawish Note Guaranty.

122.   As a result of the past and ongoing breaches of contract by Blixseth, 395 Lampe is entitled to damages in excess of $11,000,000.00, plus interest, late charges, fees, attorneys' fees, and costs.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 14

123.   By reason of Blixseth's breaches of contract, 395 Lampe has been compelled to retain the services of an attorney, and 395 Lampe is entitled to recover the reasonable amount of its attorneys' fees and costs expended in the prosecution of this matter, in accordance with the Overlook Note Guaranty and the Kawish Note Guaranty.

### FIFTH CLAIM FOR RELIEF
**(Breach of Contract – ECV against Blixseth)**

124.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

125.   The Desert Ranch Note Guaranty constitutes a binding legal contract.

126.   ECV, directly and through Kingsbury Timber, its predecessor in interest, has fulfilled all of its obligations pursuant to the Desert Ranch Note and the Desert Ranch Note Guaranty and is entitled to full performance from Blixseth.

127.   The Desert Ranch Note is in default.

128.   Blixseth is in breach of the Desert Ranch Note Guaranty by failing to make full and timely payments to ECV in accordance with the Desert Ranch Note Guaranty.

129.   As a result of the past and ongoing breaches of contract by Blixseth, ECV is entitled to damages in excess of $12,000,000.00, plus interest, late charges, fees, attorneys' fees, and costs.

130.   By reason of Blixseth's breaches of contract, ECV has been compelled to retain the services of an attorney, and ECV is entitled to recover the reasonable amount of its attorneys' fees and costs expended in the prosecution of this matter, in accordance with the Desert Ranch Note Guaranty.

### SIXTH CLAIM FOR RELIEF
**(Breach of Contract – The Prim Trust against Blixseth)**

131.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

132.   The Kawish Note II Guaranty constitutes a binding legal contract.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 15

133.   The Prim Trust has fulfilled all of its obligations pursuant to Kawish Note II and the Kawish Note II Guaranty and is entitled to full performance from Blixseth.

134.   Kawish Note II is in default.

135.   Blixseth is in breach of the Kawish Note II Guaranty by failing to make full and timely payments to the Prim Trust in accordance with the Kawish Note II Guaranty.

136.   The Kawish Note III Guaranty constitutes a binding legal contract.

137.   The Prim Trust has fulfilled all of its obligations pursuant to Kawish Note III and the Kawish Note III Guaranty and is entitled to full performance from Blixseth.

138.   Kawish Note III is in default.

139.   Blixseth is in breach of the Kawish Note III Guaranty by failing to make full and timely payments to the Prim Trust in accordance with the Kawish Note III Guaranty.

140.   As a result of the past and ongoing breaches of contract by Blixseth, the Prim Trust is entitled to damages in excess of $800,000.00, plus interest, late charges, fees, attorneys' fees, and costs.

141.   By reason of Blixseth's breaches of contract, the Prim Trust has been compelled to retain the services of an attorney, and the Prim Trust is entitled to recover the reasonable amount of its attorneys' fees and costs expended in the prosecution of this matter, in accordance with the Kawish Note II Guaranty and the Kawish Note III Guaranty.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment – All Plaintiffs against Blixseth)

142.   Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

143.   By his actions stated above, Blixseth has been unjustly enriched by receiving consideration from 395 Lampe, ECV, and the Prim Trust without making full and timely payments on the Various Personal Guarantees.

144.   As a direct and proximate result of his actions, Blixseth has been unjustly enriched at the Plaintiffs' expense in an amount in excess of $40,000,000.00.

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 16

### EIGHTH CLAIM FOR RELIEF
**(Attorneys' Fees – All Plaintiffs against Blixseth)**

145.     Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

146.     Each of the Various Personal Guarantees contains a clause providing that, if an action is instituted to enforce that guaranty, Blixseth agrees to pay the Plaintiffs' reasonable attorneys' fees.

147.     Blixseth is in default on each of the Various Personal Guarantees by failing to make full and timely payments.

148.     Plaintiffs have brought this action to enforce their rights pursuant to the Various Personal Guarantees as a result of Blixseth's breach; therefore, Plaintiffs are entitled to recover their attorneys' fees and costs expended in the prosecution of this matter.

### NINTH CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing)**

149.     Plaintiffs reallege the allegations contained in the preceding paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth here.

150.     Each of the Various Personal Guarantees constitutes a valid and enforceable contract governed by the laws of the State of Nevada.

151.     In Nevada, every contract contains an implied covenant of good faith and fair dealing.

152.     By his actions described above, Blixseth has breached the implied covenants of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the Various Personal Guarantees.

153.     Blixseth's breaches of the covenants of good faith and fair dealing directly and proximately caused the Plaintiffs to suffer damages in excess of $40,000,000.00.

154.     By reason of Blixseth's breaches of the covenants of good faith and fair dealing, the Plaintiffs have been compelled to retain the services of an attorney, and are entitled to

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 17

recover the reasonable amount of their attorneys' fees and costs expended in the prosecution of this matter.

**AMENDMENT**

395 Lampe, the Prim Trust, and ECV reserve the right to amend this First Amended Complaint as further information and evidence becomes available through discovery or otherwise.

WHEREFORE, 395 Lampe, ECV, and the Prim Trust pray for:

1.     That 395 Lampe have judgment against Kawish for the principal sum of $1,000,000.00, together with interest thereon in the amount of $707,506.85 (through March 15, 2013), with interest accruing at $575.34 each day thereafter to the date of judgment and until satisfied, and for attorneys' fees and costs, and for 395 Lampe's costs incurred in connection with the bringing of this action, together with such other sums as may be advanced during the pendency of this action for taxes, assessments, municipal charges, payments on any encumbrance having priority, insurance necessary to prevent impairment of the Property, together with costs and disbursements thereon, plus the cost of the title report obtained in connection with bringing this action in order to determine the identity of all necessary parties;

2.     That 395 Lampe have judgment against Blixseth for the principal sum of $5,000,000.00, together with interest thereon in the amount of $4,076,712.33, with interest accruing at $2,465.75 each day thereafter, to the date of judgment and until satisfied, and for attorneys' fees and costs, and for 395 Lampe's costs incurred in connection with the bringing of this action, together with such other sums as may be advanced during the pendency of this action for taxes, assessments, municipal charges, payments on any encumbrance having priority, insurance necessary to prevent impairment of the Property, together with costs and disbursements thereon, plus the cost of the title report obtained in connection with bringing this action in order to determine the identity of all necessary parties;

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 18

3. That the Court find that Kawish and Blixseth have substantially breached the provisions of the Kawish Loan Agreement, the Kawish Note, Blixseth Note II, and the Kawish Deed of Trust as enumerated in this First Amended Complaint;

4. That it be adjudged, in the event of nonpayment of the judgment forthwith upon its entry, that the Kawish Deed of Trust be declared a valid lien upon the Property, and that the Property be sold at foreclosure sale in the manner provided by law, and the proceeds thereof applied to the judgment entered on the Kawish Note plus $2,500,000.00 of the principal portion of the judgment entered on Blixseth Note II;

5. That this court retain jurisdiction after entry of the decree of foreclosure for purposes of determining the fair market value of the Property as of the date of the foreclosure sale and that if any deficiency remains after the application of the proceeds of such sale thereon, execution may be issued for any such deficiency against Kawish and Blixseth and enforced against any other property of theirs not exempt from execution;

6. That By such foreclosure and sale, the rights of Kawish, Blixseth, and Jessica Blixseth, and persons claiming by, through or under them, subsequent to the execution of the Kawish Deed of Trust, be adjudged inferior and subordinate to the Kawish Deed of Trust lien and be forever foreclosed;

7. That 395 Lampe be permitted to become a bidder and purchaser at the sale, and that the purchaser be given immediate possession of the Property;

8. That 395 Lampe be granted judgment for all costs incurred in the collection of any judgment obtained herein;

9. 395 Lampe does not waive its right to deficiency judgments, and therefore, the redemption period in the event of foreclosure and sale at foreclosure should be a period of twelve (12) months;

10. A judicial determination of the fair market value of the WPT Membership Units;

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 19

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

11.     A judicial determination of a commercially reasonable procedure for the disposition of the WPT Membership Units;

12.     Judgment for damages in excess of $40,000,000.00 in favor of 395 Lampe, ECV, and the Prim Trust and against Blixseth according to the evidence;

13.     Disgorgement of amount which Blixseth has been unjustly enriched in excess of $40,000,000.00 in favor of 395 Lampe, ECV, and the Prim Trust;

14.     An award of interest, costs and attorneys' fees; and

15.     Such further relief as the Court deems proper.


DATED:  April 5, 2013                    **GUNDERSON LAW FIRM**


                                         ___/s/ Mark H. Gunderson_____
                                         Mark H. Gunderson (*admitted pro hac vice*)
                                         mgunderson@gundersonlaw.com
                                         Austin K. Sweet (*admitted pro hac vice*)
                                         asweet@gundersonlaw.com
                                         3895 Warren Way
                                         Reno, Nevada 89511
                                         Telephone: 775.829.1222
                                         Facsimile: 775.829.1226
                                         *and*
                                         **PERKINS COIE** LLP
                                         Alan D. Smith, WSBA No. 24964
                                         ADSmith@perkinscoie.com
                                         Brian A. Jennings, WSBA No. 32509
                                         BJennings@perkinscoie.com
                                         1201 Third Avenue, Suite 4900
                                         Seattle, WA  98101-3099
                                         Telephone:  206.359.8000
                                         Facsimile:  206.359.9000
                                         *Attorneys for 395 Lampe, the Prim Trust,*
                                         *and ECV*

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 20

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States of America, I am over the age of twenty-one years, am not a party to this action, and am competent to be a witness herein.

Pursuant to Fed. R. Civ. P. 5(b) and RCW 9A.72.085, I hereby certify that on the 5 day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Paul Edward Brain**   pbrain@paulbrainlaw.com,
jdavenport@paulbrainlaw.com
**Thomas Scott Linde** tomlinde@schweetlaw.com,
maureenf@schweetlaw.com
**Brian A Jennings** bjennings@perkinscoie.com,
DocketSEA@PerkinsCoie.com, mlmaag@perkinscoie.com,
wzilka@perkinscoie.com

**Jody M McCormick** jmm@witherspoonkelley.com;
katel@witherspoonkelley.com

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Donald A. Bailey, Esq.
Shafer & Bailey LLP
1218 Third Ave., #1808
Seattle, WA 98101
donald.bailey@shaferbailey.com; shaferbailey@qwestoffice.net

DATED this 5 day of April, 2013, at Reno, Nevada.

Kelly Gunderson

FIRST AMENDED COMPLAINT
(No. 2:12-cv-01503-RAJ) – 21

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone:  (775) 829-1222
Fax:  (775) 829-1226

# EXHIBIT LIST

| Exhibit # | Description |
|---|---|
| Exhibit "1" | Overlook Note |
| Exhibit "2" | Note Agreement |
| Exhibit "3" | Overlook Note Guaranty |
| Exhibit "4" | Blixseth Note II |
| Exhibit "5" | Membership Pledge Agreement and Collateral Assignment |
| Exhibit "6" | Desert Ranch Note |
| Exhibit "7" | Desert Ranch Note Guaranty |
| Exhibit "8" | Kawish Loan Agreement |
| Exhibit "9" | Kawish Note |
| Exhibit "10" | Kawish Note Guaranty |
| Exhibit "11" | Kawish Deed of Trust |
| Exhibit "12" | Kawish Note II |
| Exhibit "13" | Kawish Note II Guaranty |
| Exhibit "14" | Kawish Note III |
| Exhibit "15" | Kawish Note III Guaranty |