1

The Honorable Richard A. Jones

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9 | 395 LAMPE, LLC, a Nevada limited liability company; PRIM 1988 REVOCABLE TRUST; and EDGEWOOD COMMERCIAL VILLAGE, LLC, a Nevada limited liability company,

Case No. 2:12-cv-01503-RAJ

10

11

12

Plaintiffs,

**JOINT STATUS REPORT AND DISCOVERY PLAN**

v.

13

14 KAWISH, LLC, a Washington limited liability company; TIMOTHY L. BLIXSETH and JESSICA BLIXSETH, husband and wife; DESERT RANCH, LLLP, a Nevada limited liability limited partnership; DOES 1 through 10; and DOE CORPORATIONS 1 through 10,

15

16

Defendants.

17

18 KAWISH, LLC, a Washington limited liability company; and TIMOTHY L. BLIXSETH,

Counterclaim / Third-Party Plaintiffs,

19

v.

20

21 395 LAMPE, LLC, a Nevada limited liability company; PRIM 1988 REVOCABLE TRUST; and EDGEWOOD COMMERCIAL VILLAGE, LLC, a Nevada limited liability company,

22

23

Counterclaim Defendants,

24

and

25 WAYNE L. PRIM, an individual; and OVERLOOK PARTNERS, LLC, a Washington limited liability company,

26

Third-Party Defendants.

27

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

1    Plaintiffs / Counterclaim Defendants 395 Lampe, LLC, a Nevada limited liability
2    company ("395 Lampe"), Prim 1988 Revocable Trust, a private Trust ("Prim Trust"), and
3    Edgewood Commercial Village, LLC ("EVC") and Third-Party Defendant Wayne L. Prim
4    ("Prim") (collectively, the "Prim Entities") together with Defendant Jessica Blixseth and
5    Desert Ranch, LLLP, a Nevada limited liability limited partnership ("Desert Ranch") and
6    Defendants / Counterclaim Plaintiffs / Third-Party Plaintiffs Kawish, LLC, a Washington
7    limited liability company ("Kawish") and Timothy L. Blixseth ("Blixseth") (collectively,
8    the "Blixseth Entities") (the Prim Entities and the Blixseth Entities are collectively
9    referred to as the "Parties") file this Joint Status Report and Discovery Plan pursuant to
10   Local Rules W.D. Wash. LCR 16(a)(2) and this Court's Order (Dkt. # 71).

**1.      Nature and Complexity of Case**

12   This dispute involves attempts by the Prim Entities to collect various debts
13   allegedly owed to them by Blixseth, Kawish, and Desert Ranch.   These debts are
14   evidenced through various loan agreements, promissory notes, security agreements,
15   personal guaranties, and other contracts.  The Prim Entities argue that these debts are also
16   secured, in full or in part, by various collateral, including real property in Washington, real
17   property in Montana,   an ownership interest in an Oregon limited liability company,
18   Western Pacific Timber, LLC ("WPT") and real property owned by WPT .

19   A brief summary of the debt follows:

| Maker | Holder | Amount | Security |
|---|---|---|---|
| Overlook Partners, LLC | 395 Lampe, LLC | $10,000,000.00 | -  Blixseth personal guaranty<br>-  100 Membership Units in Western Pacific Timber, LLC ("WPT")<br>-  5 undeveloped lots in Yellowstone Club, Montana ("Overlook Lots") |
| Blixseth | 395 Lampe, LLC | $5,000,000.00 | -  WPT Membership Units<br>-  50% secured by residence in Medina, WA |

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

| Kawish, LLC | 395 Lampe, LLC | $1,000,000.00 | - Blixseth personal guaranty<br>- WPT Membership Units<br>- Residence in Medina, WA |
| Kawish, LLC | Prim 1988 Revocable Trust | $500,000.00 | - Blixseth personal guaranty<br>- Residence in Medina, WA |
| Kawish, LLC | Prim 1988 Revocable Trust | $300,000.00 | - Blixseth personal guaranty<br>- Residence in Medina, WA |
| Desert Ranch, LLLP | Edgewood Commercial Village, LLC | $13,035,000.00 | - Blixseth personal guaranty<br>- Timber land owned by WPT |

Blixseth, Desert Ranch, and Kawish dispute that any debt remains outstanding and unpaid.  Blixseth, Desert Ranch, and Kawish contend that Prim orally assured Blixseth that the Prim Entities would not enforce the various agreements as written, but would look to the proceeds of sale of WPT assets for satisfaction of the indebtedness.  Prim denies making any such assurance.  Blixseth, Desert Ranch, and Kawish further contend that the debt was well over-secured and that all debts were fully satisfied upon 395 Lampe taking possession of 100 Membership Units in Western Pacific Timber, LLC ("WPT Membership Units").  Blixseth, Desert Ranch, and Kawish also contend that the Prim Entities have waived, or are estopped from asserting, any deficiency from the debt secured by the WPT membership shares. The Prim Entities dispute these factual and legal claims.

The underlying facts and legal issues in this case are not complex; at its core, this is a simple breach of contract, collection, and valuation case.

**2.    Proposed Litigation Plan**

In its June 25, 2013, Order, (Dkt. # 71), this Court ordered the Parties to tailor this Joint Status Report to explain precisely how they propose to resolve the issues raised.  Accordingly, the Parties offer the following litigation plan:

First, the Parties propose scheduling an evidentiary hearing to determine the value of the WPT Membership Units.   The Parties propose scheduling that hearing in approximately 120 days, allowing the Parties adequate time to conduct discovery.   The Parties anticipate needing three (3) days for the valuation hearing.

///

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

The purpose of this initial phase will be to potentially limit the issues for trial. Specifically, if the value of the WPT Membership Units does not equal or exceed the value of debt, the Blixseth's Entities defenses that all debt was satisfied by the WPT Membership Units, as well as their counterclaims for repayment of excess value, may fail. Likewise, if the value of the WPT Membership Units equals or exceeds the value of the debt secured by the WPT Membership Units, the Prim Entities' claims against WPT cross-collateral may be rendered moot.  Thus, an initial determination of the value of the WPT Membership Units will likely streamline the remainder of this action.

Once the value of the WPT Membership Units is determined, the Parties agree that this action will be ripe for mediation.  Once the evidentiary hearing is scheduled, the Parties will schedule a mediation to occur shortly thereafter.

If mediation fails, the Parties request a trial on the remaining issues.  The Parties anticipate that trial will last five (5) days.

**3.      Results of Rule 26(f) Conference**

The Parties timely conducted a Rule 26(f) conference.  The topics discussed by the parties pursuant to Fed. R. Civ. R. 26(f) and LCR 26(f) are set out in this joint status report.

**(A)     Prompt case resolution.**

The Parties have engaged in preliminary discussions regarding the prompt resolution of this matter, but do not anticipate prompt settlement or resolution of this case prior to discovery.

**(B)     Related cases**

i.      _Washington Bankruptcy – In re Kawish_

Kawish declared Chapter 11 bankruptcy on August 31, 2012 ("Kawish Bankruptcy").  The Kawish Bankruptcy is proceeding in the United States Bankruptcy Court for the Western District of Washington as Case No. 12-19059-MLB.

///

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

-4-

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

The automatic stay in the Kawish Bankruptcy has stayed 395 Lampe's First Claim for Relief in the First Amended Complaint, which seek judicial foreclosure of real property in Medina, Washington, owned by Kawish ("Medina Property"). The automatic stay in the Kawish Bankruptcy has also stayed 395 Lampe's Second Claim for Relief, which seeks a deficiency judgment against Kawish and Blixseth after the foreclosure of the Medina Property.

The Parties continue to litigate and address those claims in the Kawish Bankruptcy. The Prim Trust has filed a *Motion for Termination of Stay under Section 362(d) of the Bankruptcy Code and Authorization to Proceed with Foreclosure* in the Kawish Bankruptcy, seeking an order allowing the Prim Trust to foreclose on the Medina Property pursuant to its second and third deeds of trust, securing Kawish Note II and Kawish Note III. The Parties will keep this Court apprised of the material events and actions in the Kawish Bankruptcy.

The Parties agree that the valuation of the WPT Membership Units and the claims and defenses related to the WPT Membership Units will be litigated in this Court and not in the Kawish Bankruptcy. However, the Prim Trust contends that, as neither Kawish Note II nor Kawish Note III is secured by the WPT Membership Units, the claims and defenses related to the WPT Membership Units are irrelevant to the Prim Trust's foreclosure of Kawish Note II and Kawish Note III, as already determined by Judge Tucker when this action was proceeding in Washington Superior Court. (Dkt. # 18-5).

### ii.    *Nevada Involuntary Bankruptcy – In re Blixseth*

An involuntary bankruptcy petition was filed against Blixseth by certain unsecured creditors on April 5, 2011 ("Blixseth Bankruptcy"). The Blixseth Bankruptcy is proceeding in the United States Bankruptcy Court for the District of Nevada as Case No. BK-S-11-15010-BAM. The Prim Entities requested and obtained an order modifying the automatic stay in the Blixseth Bankruptcy to permit the Prim Entities to proceed with all litigation against Blixseth in this proceeding through judgment and up to, but not

JOINT STATUS REPORT AND
DISCOVERY PLAN

-5-

Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

1   including, collection or execution.

2         The Parties do not anticipate that the Blixseth Bankruptcy will impair or impede

3   the progress of this litigation.  However, the Parties will keep this Court apprised of the

4   material events and actions in the Blixseth Bankruptcy.

5         *iii.*   *Montana Litigation – LeMond v. Yellowstone Club, et al.*

6         On January 23, 2007, Greg LeMond ("LeMond") filed a complaint against various

7   entities involved with the Yellowstone Club in Madison County, Montana ("Montana

8   Litigation").  In the Montana Litigation, LeMond seeks free and clear title and possession

9   to five undeveloped residential lots owned by Overlook Partners ("Overlook Lots").  395

10  Lampe holds a mortgage recorded against the Overlook Lots, securing a portion of the

11  debt owed to 395 Lampe by Overlook Partners and personally guaranteed by Blixseth.

12  Overlook Partners' sole asset is the Overlook Lots.

13        The court in the Montana Litigation recently entered summary judgment in

14  LeMond's favor, quieting free and clear title to the Overlook Lots in favor of LeMond.

15  395 Lampe, Overlook Partners, and LeMond have each appealed from that judgment.  The

16  ultimate outcome of the Montana Litigation will impact the amount of security available

17  to the Prim Entities to satisfy the debt, as well as Kawish's and Blixseth's Ninth Cause of

18  Action for dissolution of Overlook Partners and appointment of a receiver.

19        The Parties agree that the Montana Litigation will have no impact on the valuation

20  of the WPT Membership Units and the claims and defenses related to the WPT

21  Membership Units.  The Parties will keep this Court apprised of the material events and

22  actions in the Montana Litigation.

23        **(C)    Electronically Stored Information.**

24        The parties have agreed to adopt the Court's Model Agreement Regarding

25  Discovery of Electronically Stored Information.

26  ///

27  ///

JOINT STATUS REPORT AND
DISCOVERY PLAN
                                    -6-
Case No. 2:12-cv-01503-RAJ

1     **(D)     Confidentiality and Privilege Issues**

2          The Parties have entered into the attached Stipulated Protective Order.   Also

3     attached is a redlined version of this district's Model Stipulated Protective Order

4     identifying the Parties departures from the model in accordance with LCR 26(c)(2).

5     **4.     Deadlines for Joining Additional Parties**

6          The Parties do not anticipate that any additional parties will be joined to this

7     litigation, but the Parties agree that a reasonable deadline for joining additional parties is

8     60 days from the date of the scheduling order.

9     **5.     ADR Method and Timing**

10          The Parties believe that mediation could be useful in this case after the value of the

11    WPT Membership Units is determined at an evidentiary hearing.

12    **6.     Discovery Plan**

13          **(A)     FRCP 26(a) Initial Disclosures and FRCP 26(f) Conference**

14          The Parties held a Fed. R. Civ. P. 26(f) conference on June 28, 2013.  The Parties

15    will exchange initial disclosures on or before July 12, 2013.

16          **(B)     Expert Disclosures**

17          The Parties agree that a reasonable deadline for making expert disclosures is 60

18    days from the date of the scheduling order.   Initial expert disclosure shall include an

19    expert report in accordance with FRCP 26(a)(2).

20          The Parties agree that a reasonable deadline for making rebuttal disclosures is 30

21    days after the initial disclosures are made.

22          **(C)     Subjects, timing, and potential phasing of discovery**

23          The Parties agree that valuation discovery will be completed within 120 days of

24    the scheduling order.   All other discovery may be conducted simultaneously and may

25    continue until discovery closes.

26    ///

27    ///

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

     **(D)**      **Proposed limitations on discovery**

No changes to the scope of discovery permitted under Fed. R. Civ. P. 26 are necessary.

     **(E)**      **Discovery management**

The Parties do not believe special measures are needed to minimize discovery expenses.

     **(F)**      **The need for discovery-related orders**

The Parties do not believe any discovery-related orders are necessary at this time.

**7.**     **Discovery completion date**

150 days after entry of the scheduling order.

**8.**     **Assignment to Magistrate**

The Parties do not agree to transfer this case to a Magistrate Judge.

**9.**     **Bifurcation**

The Parties agree that this case should not be bifurcated.

**10.**     **Pretrial Statements and Orders**

The parties agree to follow the requirements of the Local Rules regarding the filing of pretrial statements and orders.

**11.**     **Other Suggestions to Shorten or Simplify Case**

None.

**12.**     **Date Ready for Trial**

180 days after entry of the scheduling order.

**13.**     **Jury trial or not**

Neither party has requested a jury trial.

**14.**     **Number of trial days**

The Parties estimate that trial will be five days.

**15.**     **Date complications for counsel**

None.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

-8-

**Gunderson Law Firm**
3895 Warren Way
Reno, NV  89509
Phone:  (775) 829-1222

1  **16.     Designation for Trial in Vancouver**

2       The case should not be considered for designation for trial in Vancouver.

3  **17.     Service**

4       All parties have been served.

5  **18.     FRCP 7.1 Disclosure**

6       Kawish filed is FRCP 7.1 Disclosures Statement on September 6, 2012. (Dkt. # 4).

7       395 Lampe and ECV filed their FRCP 7.10 Disclosure Statement on April 5, 2013.

8  (Dkt. # 57).

9  DATED:  July 12, 2013                    **GUNDERSON LAW FIRM**

10

11                                              */s/ Mark H. Gunderson*
                                            Mark H. Gunderson (*admitted pro hac vice*)
12                                          Austin K. Sweet (*admitted pro hac vice*)
                                            *Attorneys for 395 Lampe, the Prim Trust,*
13                                          *ECV, and Wayne Prim*

14  DATED:  July 12, 2013                    **BRAIN LAW FIRM PLLC**

15

16                                              */s/ Paul E. Brain*
                                            Paul E. Brain, WSBA No. 13438
17                                          *Attorney for Tim Blixseth, Jessica Blixseth,*
                                            *and Desert Ranch*

18  DATED:  July 12, 2013                    **SHAFER & BAILEY LLP**

19

20                                              */s/ Donald A. Bailey*
                                            Donald A. Bailey, WSBA No. 12289
21                                          *Attorney for Kawish, LLC*

22

23

24

25

26

27

JOINT STATUS REPORT AND
DISCOVERY PLAN

                                            **Gunderson Law Firm**
                                            3895 Warren Way
                    -9-                     Reno, NV  89509
Case No. 2:12-cv-01503-RAJ                  Phone:  (775) 829-1222

**CERTIFICATE OF SERVICE**

I hereby certify that I am a citizen of the United States of America, I am over the age of twenty-one years, am not a party to this action, and am competent to be a witness herein.

Pursuant to Fed. R. Civ. P. 5(b) and RCW 9A.72.085, I hereby certify that on the 12 day of July, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> **Paul Edward Brain**   pbrain@paulbrainlaw.com, jdavenport@paulbrainlaw.com
> **Thomas Scott Linde** tomlinde@schweetlaw.com, maureenf@schweetlaw.com
> **Brian A Jennings** bjennings@perkinscoie.com, DocketSEA@PerkinsCoie.com, mlmaag@perkinscoie.com, wzilka@perkinscoie.com
> **Alan D. Smith** ADSmith@perkinscoie.com, docketsea@perkinscoie.com
> **Jody M McCormick (Terminated)** jmm@witherspoonkelley.com; katel@witherspoonkelley.com
> **Donald A. Bailey** donald.bailey@shaferbailey.com, shaferbailey@qwestoffice.net

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

> *[None]*

DATED this 12 day of July, 2013, at Reno, Nevada.

Kelly Gunderson

JOINT STATUS REPORT AND
DISCOVERY PLAN

Case No. 2:12-cv-01503-RAJ

-10-

**Gunderson Law Firm**
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222