HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, et al. | |
|     Plaintiffs, Counterclaim Defendants, | CASE NO. C12-1503RAJ |
|     v. | ORDER |
| KAWISH, LLC, et al., | |
|     Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs, | |
|     v. | |
| WAYNE L. PRIM, et al., | |
|     Third-Party Defendants. | |

## I. INTRODUCTION

This matter comes before the court on several motions the parties filed in advance of the three-day evidentiary hearing set to begin on January 7, 2014. For the reasons stated below, the court GRANTS Plaintiffs' motion (Dkt. # 82) to exclude any expert witness for Defendants except Doug McDaniel, DENIES Defendants' motion (Dkt. # 88) to extend the discovery cutoff, and directs the clerk to TERMINATE Defendants' motion for partial summary judgment (Dkt. # 86) without prejudice.

ORDER – 1

## II.  DISCUSSION

No later than May 20, 2013, the parties agreed to begin resolving their disputes by preparing for a three-day hearing to determine the value of membership units in Western Pacific Timber, LLC ("WPT").  The parties' disputes arise from a series of loans that Plaintiffs made to Defendants.  Plaintiff 395 Lampe, LLC ("Lampe") and at least one other entity under the control of Wayne Prim made those loans to Defendant Kawish, LLC ("Kawish"), an entity that Timothy Blixseth controls.[1]  Mr. Blixseth personally guaranteed the loans.  The loans are in default.  Among the collateral Mr. Blixseth used to secure the loans was his one-third interest in WPT.  WPT's principal assets are three large parcels of timberland in Washington and Idaho.  Mr. Prim or entities under his control controlled, at the time of the loans, another one-third interest in WPT.  An unrelated party apparently controls the remaining one-third interest in WPT.

The parties are focused on the value of WPT because if, as Mr. Blixseth and other Defendants contend, the value of Mr. Blixseth's WPT interest exceeds Defendants' outstanding debt, it may be unnecessary (or unlawful) for Plaintiffs to continue their efforts to seize other collateral and otherwise collect on the loans.

The parties have filed three motions.  First, Plaintiffs ask the court to prevent Defendants from untimely identifying expert witnesses and from relying on improper expert testimony from Mr. Blixseth.  Second, Defendants ask the court to extend the discovery deadline until December 31.  Finally, Defendants seek partial summary judgment on certain issues arising from Plaintiffs acquiring title to Mr. Blixseth's WPT interest in April 2012 in an effort to collect on the loans.

To put these motions in context, the court notes that the process of bringing these disputes to this forum has been frustratingly slow and convoluted.  The court was

---

[1] Plaintiffs and Defendants are an interrelated web of corporations and other corporate entities, along with Mr. Prim and Mr. Blixseth, who own or control those entities.  This order contains no findings of fact (except those related to the conduct of the parties' counsel), and the court has not identified other Plaintiffs or Defendants except as necessary.

ORDER – 2

encouraged that as of the spring of this year, the parties had ended most of their litigation in other courts and had begun to agree on a process for resolving these disputes. In their May 20 "Joint Statement Regarding Litigation Status," (Dkt. # 69), the parties informed the court that the "heart of this dispute" was Defendants' assertion that their debts had been extinguished by Plaintiffs taking title to Mr. Blixseth's WPT interest. *Id.* at 6. Although they identified several subsidiary issues (including whether taking title to Mr. Blixseth's WPT interest constituted a "disposition" of that interest), they proposed an evidentiary hearing on just two issues: the "value of the WPT Membership Units and the method, if any, of the commercially reasonable disposition" of those units. *Id.* at 7.

The court issued an order requiring the parties to "explain precisely how the[y] propose to resolve the issues they have raised, whether by way of dispositive motion, a 'trial on the papers' procedure, by evidentiary hearing, or otherwise." Dkt. # 71 (Jun. 24 ord. at 2). In response, the parties filed a joint status report in which they proposed that the court first conduct "an evidentiary hearing to determine the value of the WPT Membership Units." Dkt. # 73 (Jul. 12 joint status report at 3). The parties asked for three days for the hearing. *Id.* They identified no other issue for the court to resolve at the hearing. They told the court that they would schedule a mediation to take place shortly after the court determined the value of the WPT units. *Id.* at 4. The parties represented that they had already had a discovery conference and that they would exchange initial disclosures as of the day they filed the joint status report. *Id.* at 7. They agreed that a "reasonable deadline for making expert disclosures" would be 60 days from the court's entry of a scheduling order, and that they would make rebuttal disclosures 30 days thereafter. *Id.* They agreed that they could complete "valuation discovery" within 120 days of that order. *Id.*

In short, the parties proposed a relatively brief discovery period, making a series of agreements as to events to occur during that discovery period, and they proposed that

ORDER – 3

the court resolve the sole issue they identified for early resolution – the value of membership units in WPT – solely via a three-day evidentiary hearing. Despite the court's explicit instruction to do so, they disclosed no intent to file dispositive motions.

The court issued a minute order on July 29 setting the close of discovery "on issues related to the value of the WPT Membership units" on December 13. The court imposed no subsidiary discovery deadlines, satisfied that the parties' agreements ensured that no more detailed court order was necessary. The court set a three-day evidentiary hearing to begin January 7, 2014.

Despite having not complied with the court's instructions to disclose any plan to file a dispositive motion, Defendants filed their motion for partial summary judgment on November 21, noting it for consideration on December 13. As noted, the court set no deadline for dispositive motions because the parties did not request one. If the court had set a deadline, it would either have set it much sooner than November 21, or it would have set the evidentiary hearing much later. The court typically requires at least 30 days from the conclusion of briefing to resolve a dispositive motion, and almost invariably sets the deadline for dispositive motions so that the end of that 30-day period comes about a month before trial. That practice allows the parties to incorporate a ruling on their dispositive motions into their pretrial preparation or settlement discussions. Plaintiffs, for their part, offer no objection to Defendants' decision to file a summary judgment motion, although they oppose the relief requested in the motion.

The court will not resolve the summary judgment motion before the evidentiary hearing. Rather than resolve the motion hastily (and over the winter holidays), the court will simply take it off its calendar. The court observes that the motion raises two related disputes. Defendants contend that valuation methods that consider the "fair market value" of the WPT units do not reflect the reality that, in this case, Plaintiffs' assumption of title of Mr. Blixseth's WPT units in April 2012 was an event wherein Plaintiffs

ORDER – 4

acquired the units at a value that exceeded their fair market value. They argue that Mr. Blixseth's interest was worth more to Plaintiffs than an open market buyer because their acquisition of that interest gave them a two-thirds controlling interest in WPT. For that reason, Defendants contend that it would be inappropriate to assess the value of their interests by applying discounts that would treat Mr. Blixseth's interest as a minority interest in a closely held corporation and value it as if it were to be acquired on the open market. Plaintiffs dispute these contentions. Indeed, they dispute even that their taking title to Mr. Blixseth's WPT interest in April 2012 was a disposition of that interest, as opposed to a preliminary step toward conducting a disposition of those units on the open market.

The court suggests no opinion on the outcome of the disputes in the summary judgment motion. The court's initial review of the motion strongly suggests, however, that if it raises any disputes of law, they are disputes whose resolution depends on the resolution of the parties' factual disputes. The parties will presumably resolve those disputes at the evidentiary hearing, where the court will simply find facts, as opposed to being constrained by the rigid fact-finding rules that apply to a motion for summary judgment. If there are legal disputes to be resolved in light of those factual findings, the parties are free to point that out to the court at the evidentiary hearing. If necessary, the court may order briefing to follow the hearing.

In addition, the summary judgment motion suggests that the parties have disagreements over the scope of the evidentiary hearing. It appears, for example, that Plaintiffs contend that whether their actions in April 2012 constituted a disposition of Mr. Blixseth's WPT interest is beyond the scope of the hearing. This order concludes with instructions to the parties to clarify the scope of the evidentiary hearing in conjunction with their pre-hearing statement due on December 19.

ORDER – 5

1    The court now turns from the summary judgment motion to the parties' discovery
2    disputes. The record reveals that Defendants have almost wholly abdicated their
3    responsibility to timely make expert disclosures. Defendants agreed that they would do
4    so by 60 days after the entry of a scheduling order (which was about September 27), but
5    they did not. Worse, they took their position that their agreement to provide reports by
6    that date was meaningless because the court did not memorialize their agreement in its
7    July 29 scheduling order. Defendants were free, of course, to request a reasonable
8    extension of the deadline to which they agreed. But to treat their own agreements about
9    discovery deadlines as meaningless is bad faith. That bad faith was compounded by
10   Defendants' insistence that they had no obligation to produce expert reports until the
11   close of discovery on December 13. The record further reflects that Plaintiffs made
12   reasonable compromises with an eye toward simply completing expert discovery.
13   Despite those compromises, Defendants produced an expert report from just one witness:
14   Doug McDaniel. Defendants identified other experts by name, but have produced no
15   expert reports from them, despite their insistence that they could do so any time before
16   the close of discovery.

17    The court orders that Defendants may rely on no non-percipient expert witness
18   except Mr. McDaniel. Mr. McDaniel, moreover, must limit his testimony to the scope of
19   the five-page report that he submitted in November. The court makes no ruling on
20   whether Mr. Blixseth himself may offer opinion testimony on the value of the WPT units.
21   Because the court will serve as the fact finder at the evidentiary hearing, there is no
22   danger that a jury will draw improper conclusions if Mr. Blixseth testifies to something
23   beyond the scope of whatever expertise he allegedly possesses. Plaintiffs may rely on
24   objections and cross-examination to point out opinion testimony that is beyond the scope
25   of Mr. Blixseth's expertise.

ORDER – 6

The court declines to extend the discovery cutoff.  Defendants have not shown good cause for an extension.  The court notes that the parties have stipulated to conduct a deposition of a WPT representative late this month, and the court has no objection to that stipulation, or to any other voluntary discovery efforts that occur before the evidentiary hearing.  The court also suggests no opinion on any third party's obligation to respond to any valid subpoena.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' motion (Dkt. # 82) to exclude any expert witness for Defendants except Doug McDaniel, DENIES Defendants' motion (Dkt. # 88) to extend the discovery cutoff,[2] and directs the clerk to TERMINATE Defendants' motion for partial summary judgment (Dkt. # 86) without prejudice.

The court's scheduling order requires the parties to submit a joint statement akin to a pretrial order no later than December 19.  In preparing that statement, the parties should work together to agree on the scope of issues to be resolved at the evidentiary hearing.  If the parties consent that the court may resolve an issue, the court will resolve it.  If the parties do not reach agreement, the court will resolve just one issue: the value of the WPT membership units.

DATED this 18th day of December, 2013.

*(signature: Richard A. Jones)*

The Honorable Richard A. Jones
United States District Court Judge

---

[2] Late yesterday afternoon, the parties filed a stipulation withdrawing the motion to extend the discovery cutoff.  The court need not address that stipulation in light of its disposition today.

ORDER – 7