HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, et al. | |
|     Plaintiffs, Counterclaim Defendants, | CASE NO. C12-1503RAJ |
|     v. | ORDER |
| KAWISH, LLC, et al., | |
|     Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs, | |
|     v. | |
| WAYNE L. PRIM, et al., | |
|     Third-Party Defendants. | |

After reviewing the parties' joint statement (Dkt. # 170), the court imposes sanctions of $1,000 on Keewaydin Holdings, LLC and $1,000 on the Prim Entities collectively. Those sanctions are payable to the court no later than October 8, 2014. The court will impose additional sanctions if the parties do not comply in good faith with this order.

The court will not recount the history of conduct in this litigation that demonstrates that the parties have little interest in pursuing this case to a resolution, and much more interest in using the existence of this case as leverage in their ongoing business disputes. Keewaydin, in fairness, is a relatively recent entry as a litigant, but in

ORDER – 1

its relatively brief participation in this case, it has shown no more interest in diligently prosecuting its claims than the other participants.

On July 28, when the court first addressed Keewaydin's late entry into this case, it stated that the next step in this litigation would be "to determine what rights Keewaydin has with respect to the disposition of the Collateral WPT Interest," the one-third interest in Western Pacific Timber, LLC, that is the focus of this case. Dkt. # 155 at 13. That dispute is not complicated – it seems to require no more than interpreting corporate minutes and contracts to determine if Keewaydin has the rights to prevent the sale of the Collateral WPT Interest, to place restrictions on how that sale is conducted, or to limit the right of the acquirer of that interest to act as a member of WPT. The court ordered the parties to either resolve their dispute themselves or to submit a joint statement disclosing their "preferred method of resolving that dispute, whether by a summary judgment motion, by agreeing to submit that dispute to the court for resolution without regard to the standards that apply to a summary judgment motion, by conducting a trial, or by some other method." *Id.*

One day before their joint statement was due, the parties filed a two-paragraph stipulated motion (Dkt. # 165) in which they claimed (without submitting any evidence) that they had been having "frequent" and "ongoing" communications about resolving their disputes. They requested another two weeks to wrap up those discussions.

The court reluctantly granted their request, noting that the court had "repeatedly expressed its disappointment with the pace of this action" and its questions about "whether any party is working diligently to bring it to [a] resolution." Sept. 2 min. ord. (Dkt. # 166). It noted that the parties had provided no evidence of their asserted diligence. The court imposed a deadline of September 12 for the parties' joint statement.

On September 11, the parties submitted a joint statement that wholly failed to comply with the July 28 order. Instead of proposing a means for resolving the dispute between the Prim Entities and Keewaydin, it described their alleged settlement

ORDER – 2

negotiations. The description contained reasonable detail, but was again wholly unsupported by evidence. It did not explain, notably, why the parties had been unable to conduct the same discussions weeks or months ago. Essentially, the parties contended that they were continuing to work on a settlement, and asked the court to wait until September 26 for the statement it had ordered in July.

The court, as the parties could not have doubted, was not interested in waiting. It ordered the parties on September 18 to begin paying daily sanctions of $1,000 for every day that they had not submitted the joint statement, and also to show cause why the court should not increase the daily sanction, because it was unlikely that $1,000 per day would serve as any motivation to these well-heeled parties.

What followed was a hastily-prepared "joint statement" that demonstrates again the parties' disinterest in diligently resolving this dispute. It is apparent that the parties filed the joint statement on September 18 to avoid sanctions, not because the statement represented the product of "frequent" and "ongoing" discussions over a reasonable way to resolve the parties' disputes. The joint statement proposes a 90-day discovery period, although the parties do not explain why they need discovery. They propose that the discovery period end with a one-day bench trial, although they do not explain why a bench trial is necessary or how it will resolve their disputes. And finally, they propose to file an unlimited number of motions in limine and dispositive motions "at least 30 days before trial." That proposal is absurd because dispositive motions take a bare minimum of 22 to days to be fully briefed (*see* Local Rules W.D. Wash. LCR 7(d)(3). The parties apparently believe that the court will resolve an unknown number of dispositive motions in eight days or fewer to prepare for a bench trial on unknown topics. That is to say nothing of the motions in limine, which the parties apparently think it sensible to prepare without the benefit of rulings on dispositive motions, and think it reasonable to require the court to resolve them (along with dispositive motions) in a few days before a bench trial. The parties' proposed resolution would culminate in a bench trial whose necessity

ORDER – 3

is not apparent, in a case in which the court has already conducted a three-day evidentiary hearing at the request of the Prim Entities that appears to have moved this case no closer to a resolution.

No later than noon on October 8, the parties shall explain why they need discovery, they shall disclose precisely what dispositive motions they believe are necessary, they shall explain why dispositive motions are necessary at all in light of factual disputes that the parties apparently believe require a bench trial, they shall propose a schedule that gives the court at least 30 days after the completion of briefing to resolve any dispositive motions, and they shall explain what evidence they intend to present at a bench trial to resolve *fully* their disputes. If they do not comply with this order, the court will impose additional sanctions, will consider conducting contempt proceedings, and will consider revoking the pro hac vice admissions of counsel for the Prim Entities.

As stated at the outset of this order, the court imposes $1,000 in sanctions on Keewaydin and $1,000 in sanctions on the Prim Entities. The court imposes those sanctions for failing to comply with the court's orders and for filing a joint statement that was not a good-faith effort to comply with court orders. The sanctions are payable to the court no later than noon on October 8, and the parties shall each file a notice that they have made the sanction payments.

Dated this 29th day of September, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4