HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 395 LAMPE, LLC, et al.<br><br>    Plaintiffs, Counterclaim Defendants,<br><br>    v.<br><br>KAWISH, LLC, et al.,<br><br>    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,<br><br>    v.<br><br>WAYNE L. PRIM, et al.,<br><br>    Third-Party Defendants. | CASE NO. C12-1503RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on the parties' joint statement in response to the court's April 28, 2015 minute order as well as their stipulation to dismiss certain claims. Dkt. ## 198-199. This order acknowledges the dismissal of those claims (no court order is necessary to effect that dismissal, per Federal Rule of Civil Procedure 41(a)(1)(A)(ii)), dismisses other claims, and requires the parties to submit dispositive motions in accordance with this order.

## II.  BACKGROUND

In the wake of the Prim Entities' disposition of what the court has called the "Collateral WPT Interest," the court ordered the parties on April 28 to provide a "an

ORDER – 1

identification of each claim for relief that remains, including a succinct summary of that claim and the determinations necessary to bring it to a conclusion." Apr. 28 ord. (Dkt. # 197) at 2.  The parties submitted a joint statement in at least partial compliance with that order, along with a stipulation to dismiss certain claims.

The Prim Entities have asserted ten causes of action; the Blixseth Entities have asserted ten causes of action of their own.[1]

The parties have agreed to dismiss without prejudice the Prim Entities' first, second, and sixth causes of action, which relate to a now-completed trustee's sale on a Medina home that the Blixseth Entities once owned.  The court acknowledges those dismissals, and acknowledges the Prim Entities' assertion that they may reassert those claims in the event that a state court sets aside the trustee's sale.  The court also acknowledges the parties' stipulation to dismiss the Prim Entities' ninth cause of action without prejudice.  Although the parties disagree about whether the court has already resolved the Prim Entities' third cause of action, the Prim Entities have plainly indicated that they are no longer pressing it, and the court deems it voluntarily dismissed without prejudice.

The court also dismisses the Prim Entities' eighth cause of action, which purports to be a standalone claim for attorney fees provided for by the contracts between the parties.  The court doubts that a standalone claim is necessary, and notes that the parties either agree or do not dispute that attorney fee issues can be resolved in a post-judgment motion (or at least in a motion following a resolution of portions of the claims that do not require the parties to prove the amount of attorney fees).  The court thus dismisses the standalone attorney fee claim, without prejudice to a proper motion for attorney fees.

---

[1] The court identifies the causes of action as the parties identified them in their joint statement. Where necessary, the court has relied on the underlying pleadings, which are the Prim Entities' amended complaint (Dkt. # 156) and the Blixseth Entities' counterclaims (Dkt. # 65). The Prim Entities' most recent amended complaint added only one cause of action (the tenth), and the Blixseth Entities answered the amended complaint by responding solely to that cause of action. The court thus relies on the Blixseth Entities' older answer and counterclaims, noting that no party has objected to the Blixseth Entities' approach to pleading.

ORDER – 2

Nothing precludes the parties from arguing that one or more contracts does not provide for attorney fees.

The Blixseth Entities did not comply with the court's order to provide "a succinct summary of [each of their] claim[s] and the determinations necessary to bring it to a conclusion." As to six of their causes of action, they declined to so much as name them. Joint Stmt. (Dkt. # 198) at 8 (devoting two sentences to the Blixseth Entities' third through eighth causes of action). The court warned the parties that "any claim not identified in the joint statement will be deemed to have been abandoned." Apr. 28 ord. (Dkt. # 197) at 2. Four of the claims that the Blixseth Entities declined to identify relate to notes, guaranties, and contractual obligations that will be adjudicated as part of other causes of action. The court will allow those causes of action to proceed. Two of the claims that the Blixseth Entities declined to identify, however, are claims for "injunctive relief" and "marshalling" that seek equitable remedies the Blixseth Entities should have long ago pursued. The court deems those claims abandoned, and they are no longer part of this action.

The court further observes that although the parties assert that the Blixseth Entities' ninth cause of action is still pending, they are mistaken. The parties stipulated to dismiss that cause of action in February 2014 (Dkt. # 123), and the court acknowledged that stipulation in July 2014. Jul. 28, 2014 ord. (Dkt. # 155) at 14.

That the parties are having difficulty keeping track of their own pleadings is perhaps not surprising. Most of the causes of action they assert are repetitions of themselves. In general, they cover three distinct disputes: one over whether the Prim Entities' disposition of the Collateral WPT Interest was reasonable and in compliance with the parties' contractual agreements; one over who breached contractual obligations (both express and implied) arising from the Prim Entities' various notes and guaranties to the Blixseth Entities, and one over whether Jessica Blixseth owes unpaid rent on the Medina home. With the exception of one dispute that depends on the resolution of

ORDER – 3

litigation in Montana that is set for trial in November 2015, the parties contend that all of these disputes are ripe for summary judgment.[2]

The court imposes the following schedule. Unless the court states otherwise, it uses the term "party" to refer to either the Prim Entities or Blixseth Entities collectively.

1) No later than September 30, each party shall bring a single summary judgment motion. That summary judgment motion shall cover all claims of the moving party on which the moving party seeks summary judgment. Given the parties' representation that all of their claims (save the Prim Entities' unjust enrichment claim and the claim that depends on the Montana litigation) are ripe for summary judgment, the court will deem any claim not explicitly identified and argued in a party's summary judgment motion to have been abandoned.

2) No later than October 22, each party shall submit a combined opposition to the opposing party's summary judgment motion and cross-motion for summary judgment on every claim at issue in the opposing party's motion.

3) No later than November 5, each party shall submit a combined opposition to the cross-motion and reply in support of that party's motion.

4) No later than November 13, each party shall submit a reply in support of its cross-motion for summary judgment.

5) All motions shall be noted for November 13.

Because the briefs in support of the parties' motions will be subject to the page limits set forth in the court's local rules, the court urges the parties to work together to narrow their claims.

As to the Prim Entities' fourth cause of action, the parties agree that its resolution depends at least in part on the resolution of the Montana litigation that the court

---

[2] The Prim Entities also assert that because they expect to prevail on summary judgment on their contractual claims, their alternative claim for unjust enrichment will be unnecessary. They propose to pursue that claim only if they do not prevail on the breach of contract claims at summary judgment. The court grants that request.

ORDER – 4

mentioned previously.  The court exempts that claim from the dispositive motion schedule above (although the parties are free to attempt to resolve it in whole or in part as part of those motions).  No later than November 13, the parties shall submit a joint statement as to the resolution of the Montana litigation and what proceedings are necessary to bring the Prim Entities' fourth cause of action to a resolution.

### III.  CONCLUSION

The court imposes the summary judgment schedule stated above.  The only claims remaining in this action are the Prim Entities fourth, fifth, seventh, and tenth causes of action and the Blixseth Entities' first, second, third, fourth, fifth, sixth, and tenth causes of action.

DATED this 22nd day of July, 2015.

*(signature)*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5